MISSOURI PACIFIC RAILWAY COMPANY v. WINFIELD SCOTT.

No. 3068.

1.   **Final Judgment.**—In a suit against two defendants a judgment in favor of the plaintiff and against one of the defendants, the record not showing any disposition of the case as to the other, is not a final judgment from which an appeal will lie.

2.   **Perfecting Record.**—It will not be allowed to perfect the record after the appeal has been dismissed.


APPEAL from Tarrant.   Tried below before Hon. R. E. Beckham. The opinion states the case.

*Finch & Thompson,* for appellant.

*Ball, Wynne & McCart,* for appellee.

STAYTON, CHIEF JUSTICE.— This action was brought by appellee originally against the receivers of the Texas Pacific Railway Company to recover the value of seventy-one head of cattle alleged to have been killed while in their custody as common carriers, and to recover the value of forty other cattle which it was alleged had not been delivered.

Subsequently the Missouri Pacific Railway Company was made a defendant, and judgment sought against it as well as the receivers.

John C. Brown answered as receiver of the Texas Pacific Railway Company, and no further notice seems to have been taken of the other receiver against whom with Brown the action was brought.

The Missouri Pacific Railway Company answered, and there was a trial that resulted in a judgment against that company alone.

There is nothing in the entire record to show that the action was discontinued as to the receivers or either of them, yet the court submitted the case to the jury as though the Missouri Pacific Railway Company was the only defendant, and the jury returned a verdict as follows: "We the jury find for the plaintiff in the sum of $1324."

On this verdict a judgment was rendered in favor of the plaintiff against the Missouri Pacific Railway Company alone, no disposition whatever being made of the case as to either of the receivers.

The case is submitted on many assignments of error relating to the conduct of the trial and its result, but it is evident that no final judgment has been rendered in the cause from which an appeal will lie, for the judgment does not dispose of the case as to all the defendants.  Railway v. Smith County, 58 Texas, 76; Roderigues v. Trevino, 54 Texas, 201; Whittaker v. Gee, 61 Texas, 217.

For want of a final judgment the appeal will be dismissed.

*Dismissed.*

Delivered October 31, 1890.

Motion for rehearing was filed November 15, 1890.  As exhibits to the motion were the papers:

Copy certified by the clerk of the District Court of the following order:

"*W. Scott v. John C. Brown et al.*—4481.—March 25, 1890.  The death of defendant John C. Brown being suggested, the plaintiff here now dismisses this suit as to said Brown.  It is therefore considered by the court that this cause be and is hereby dismissed as to said John C. Brown; and on application therefor defendants are hereby granted leave to amend."

Also the agreement:

"We, Ball, Wynne & McCart, attorneys for W. Scott, appellee, hereby waive service of above notice; and it is agreed that in fact there was a final judgment rendered as appears by the certified copy of the order of dismissal as to John C. Brown; and we further agree that said order may be considered as a part of the record, and that this cause may be considered by the court as though the same had been originally copied into the record.

[Signed]                     "BALL, WYNNE & McCART,

                             "Attorneys for Scott, Appellee."

The motion was refused, the action upon it appearing:

"Overruled.  Record can not be perfected after cause dismissed."