THE WICHITA VALLEY RAILWAY COMPANY V. W. D. PEERY.

No. 259.

**1. Notice of Appeal Not Entered Upon Minutes.**

This case was dismissed by the Court of Civil Appeals, for the reason that notice of appeal did not appear in the transcript. Motion for rehearing was urged, alleging "that the notice of appeal had in fact been given in open court and had been entered upon the judge's docket. The motion was supported by affidavit of counsel as well as by certificate of the judge and of the clerk of the court where the case was tried." *Held*, error to overrule the motion for rehearing. The court should have set aside the order of dismissal and granted a reasonable time to amend the minutes of the trial court, and to perfect the record in the Court of Civil Appeals ............ 597

**2. Cases Adhered to—Notice of Appeal.**

Telegraph Company v. O'Keefe, ante, p. 423, and Cavanaugh v. Peterson, 47 Texas, 197, adhered to as to practice where notice of appeal has been given but omitted from record................................................. 598

ERROR to Court of Civil Appeals for Second District, in an appeal from Knox County.

The opinion fully states the case.

*Bomar & Bomar*, for plaintiff in error, cited and discussed: Burr v. Lewis, 6 Texas, 76; Lyell v. Guadalupe County, 28 Texas, 58; Loftin v. Nally, 28 Texas, 128; Messner v. Lewis, 17 Texas, 520; Holeck v. Varona, 63 Texas, 65; Old. & W. Dig., arts. 548, 549; Pasch. Dig., art. 1491; Sayles' Civ. Stats., art. 387; Greenwade v. Smith, 57 Texas, 195; Young v. Russell, 60 Texas, 684; Tynberg v. Cohen, 76 Texas, 418; Ricker v. Colliers, 17 S. W. Rep., 378; Attoway v. Goldsmith, 18 S. W. Rep., 604; Elliott on Appel. Proc., 525; Archy v. Knight, 61 Ind., 311; Tibby v. McIntosh, 60 Iowa, 329; Schmitt v. Robertson, 7 La. St., 746; Rules for Courts of Civil Appeals, 80 Texas, 698 (Rules 8, 9, 11); Hart v. Weatherford, 19 Texas, 57; Davis v. McGehee, 24 Texas, 210; Ross v. McGowen, 58 Texas, 609; Daniels v. Lavendon, 49 Texas, 216; Sayles' Supp. Stats., arts. 1078b, 1078c.

GAINES, CHIEF JUSTICE.—The appeal in this case was dismissed by the Court of Civil Appeals of its own motion, because the transcript failed to show that notice of appeal had been given in the trial court. Thereupon the appellant filed a motion for a rehearing and to set aside the order of dismissal, in which it was alleged, that the notice of appeal had in fact been given in open court, and had been entered upon the judge's docket. The motion was supported by the affidavits of counsel, as well as by the certificate of the judge and that of the clerk of the court in which the case was tried. The motion was overruled. This was error. The Court of Civil Appeals should have set aside the

order of dismissal and granted a reasonable time to amend the minutes of the District Court and to perfect the record of their own court. Tel. Co. v. O'Keefe, decided at the present term (ante, p. 423).

Since the decision of the case cited, our attention has been called to the case of Cavanaugh v. Peterson, 47 Texas, 197, in which a similar ruling was made. The records of this court in that case show, that the appeal was dismissed because the transcript failed to disclose that notice of appeal had been given in the trial court; but that upon a motion alleging that the notice had in fact been given, supported by evidence, a rehearing was granted, and time was allowed to enable the appellant to cause the minutes of the trial court to be amended, and the amendment to be certified as a part of the record. The opinion of the court upon the merits is reported in the volume above cited; but there is no report of the action of the court upon the motion.

The judgment of the Court of Civil Appeals is reversed, and the cause remanded to that court for proceedings in accordance with this opinion.

*Reversed and remanded to Court of Civil Appeals.*

Delivered March 18, 1895.