GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. O. G. CANNON.

No. 295.

1. **Cases Adhered to—Certiorari.**
    O'Keefe v. Railway, 87 Texas, 423, and Railway v. Peery, 87 Texas, 597, adhered to. Certiorari after judgment on appeal, to perfect the record ..... 313
2. **Certiorari—Case in Judgment.**
    A case on appeal was affirmed in the Court of Civil Appeals, the court ignoring important assignments of error, for the reason that the statement of facts was not signed by the trial judge. Motion for rehearing was filed, with application for certiorari to show that the judge had signed the statement; accompanying the motion was the district clerk's certificate and affidavit to the fact. *Held*, that the certiorari should have been granted..... 314
3. **Practice—Jurisdiction.**
    Upon perfecting the record, it appears that there is a conflict in the testimony on material issues in which error was assigned, and the verdict is attacked as excessive. It is therefore necessary to remand the case to the Court of

Civil Appeals, as it alone has jurisdiction to revise the judgment below
upon matters of fact ................................................ 314

ERROR to Court of Civil Appeals for First District, in an appeal
from Austin County.

The opinion gives a sufficient statement.

*J. W. Terry* and *Charles K. Lee*, for plaintiff in error, cited Rail-
way v. O'Keefe, 87 Texas, 597.

*Bell & Shelborne* and *Davidson & Minor*, for defendant in error.—As
a counter-proposition to the points presented by the plaintiff in error
for the writ of error, the defendant in error submits, that the Court of
Civil Appeals did not err in failing to grant appellant's motion for
writ of certiorari to perfect the record after the decision in said cause.
Davis v. McGehee, 24 Texas, 209; Ross v. McGowen, 58 Texas, 603;
Hilburn v. Harris, 2 Texas Civ. App., 395; McMickle v. Bank, 4
Texas Civ. App., 210; Caswell v. Greer, 4 Texas Civ. App., 660; Rail-
way v. Scott, 78 Texas, 360; Railway v. Peery, 87 Texas, 597.

GAINES, CHIEF JUSTICE.—In this case, the Court of Civil Appeals
refused to consider several of the appellant's assignments of error, be-
cause the statement of facts found in the record did not appear to have
been approved by the judge who tried the cause; and affirmed the
judgment. A motion for a rehearing was filed, in which it was alleged,
that in point of fact the statement had been approved by the trial
judge, and that his approval appeared upon the original statement of
facts on file among the papers of the cause in the office of the district
clerk. The motion was supported by the affidavit and certificate of
the clerk of the trial court, and contained a prayer for a writ of cer-
tiorari to perfect the record. The motion was overruled, presumably
on the ground that it came too late.

The ruling of the Court of Civil Appeals is not without precedents
to support it; but as was shown in the cases of the Western Union
Telegraph Company v. O'Keefe, 87 Texas, 423, and of the Wichita
Valley Railway Company v. Peery, 87 Texas, 597, the decisions of this
court have not been uniform upon this question. In the cases cited,
we held, that after an appeal had been dismissed of the court's own
motion, because the record did not show that notice of appeal had been
given in the trial court, a motion for a rehearing and for certiorari,
showing that the notice had in fact been given, should have been
granted. We think the same rule should apply in the present case.
It is true, that omissions of the character shown by the proceedings in
this case could be avoided by the exercise of proper diligence on part
of attorneys; and we are reluctant to adopt a rule which leads to de-
lay and expense, and encourages negligence. But upon mature con-

sideration, we think the ends of justice are best promoted by permitting the record to be perfected as well after the judgment is rendered as before it, provided the attention of the counsel has not previously been called to the omission by motion or otherwise.

Since the decision of the cases above cited, our attention has been called to the case of Moore v. Rice, 51 Texas, 289, in which a motion for a certiorari after judgment and for a rehearing was refused, not upon the ground that it came too late, but because the proposed amendment of the record would not have changed the result of the case.

Although we are of opinion that the Court of Civil Appeals was in error in not granting the motion for a rehearing and for a certiorari, we have had difficulty in determining upon the disposition that we should make of the case. If the assignments of error had presented only questions of law, and if, after an inspection of the statement of facts found in the transcript, we should have been of the opinion that no error was pointed out by the assignments, we would hold the error harmless and affirm the judgment. But such is not the case. There was a conflict in the evidence adduced upon the trial; and there are assignments which claim, in effect, that the verdict of the jury upon material issues is against such a preponderance of the testimony that it ought to be set aside. It is also claimed, that damages awarded by the verdict are excessive. It is not only the peculiar province of the Court of Civil Appeals to determine the questions so presented, but their determination of such issues is final. The appellant is entitled to have these assignments passed upon by a court with competent jurisdiction to determine them; and hence we are of opinion, that from the necessity of the case the cause must be remanded to the Court of Civil Appeals.

We do not wish to be understood as implying that the Court of Civil Appeals should sustain either of appellant's assignments of error, even in case the record should be so perfected as to show that the statement of facts was properly approved.

The judgment of the Court of Civil Appeals is reversed, and the cause remanded to that court, with instructions to proceed in accordance with this opinion.

*Reversed, and remanded to Court of Civil Appeals.*

Delivered June 13, 1895.