## C. L. Sanders et al. v. Eastland Independent School District et al.

### Decided January 29, 1910.

**1.—Appeal—Certiorari—Practice.**

The rule of practice is well settled that it is too late after a case is submitted and decided by the appellate court to suggest a diminution of the record, thereby involving the court in a reconsideration of the entire case.

**2.—Same—Case Stated.**

An appealed case was dismissed by the appellate court for the want of prosecution; upon motion of appellant the dismissal was set aside, briefs were filed, the case considered and the judgment affirmed; the court affirmed the judgment because the assignments of error raised questions that could not be considered in the absence of a statement of facts, and there was no statement of facts in the record: in the motion for rehearing as to the last judgment, the only excuse offered for failure to incorporate the statement of facts in the record was inadvertence of counsel; the motion was not sworn to. Held, the motion for rehearing should be overruled.

**3.—Same—Case Distinguished.**
    Western Union Tel. Co. v. O'Keefe, 87 Texas, 423, distinguished.

Appeal from the District Court of Eastland County.    Tried below before Hon. Thomas L. Blanton.

*D. G. Hunt* and *J. J. Butts,* for appellants.

*Earl Conner* and *Scott & Brelsford,* for appellees.

SPEER, Associate Justice.—On December 18th last we dismissed the appeal in this case for want of prosecution, there being no briefs on file for appellants.    On January 1st, upon appellants' motion, we granted leave to file briefs, and afterwards, upon a consideration of such briefs, the judgment was affirmed.    In affirming the judgment, which was done orally, we stated: "There is no statement of facts in the record which we can consider.    The only assignments of error presented raise questions that can not be considered in the absence of a statement of facts."    We are now asked to grant a rehearing as to this last judgment and to permit appellants to file the original statement of facts.    No excuse whatever is given for the failure to file such statement of facts in proper time, further than to say the filing of the unsigned and unfiled copy, instead of the original statement, was due to the inadvertence of counsel, who had in his possession both the original and the copy while briefing the case.    The motion for rehearing is not supported by affidavit.

The rule of practice appears to be well settled that it is too late, after a case is submitted and decided by the appellate court, to suggest a diminution of the record, thereby involving the court in a reconsideration of the entire case.    Ross v. McGowen, 58 Texas, 603; Missouri Pacific Railway Co. v. Scott, 78 Texas, 360; McMickle v. Texarkana National Bank, 4 Texas Civ. App., 210 [23 S. W., 428]. The rule was most emphatically announced in Ross v. McGowen, *supra,* and the profession was put upon notice that the same would be hereafter adhered to in the following language: "To prevent any future application of this character after the record is in our hands for decision, we have thought it proper to put our decision on this motion in writing, and the rule laid down in it will be hereafter rigidly enforced."

The case of Western Union Telegraph Co. v. O'Keefe, 87 Texas, 423, is an apparent, and possibly real, exception to the rule thus emphatically announced.    That case originated in the District Court, and on appeal to the Court of Civil Appeals the appeal was dismissed because no notice of appeal appeared in the record.    The appellant duly filed his motion to reinstate the appeal upon the ground that the notice was in fact given, which motion was supported by the affidavit of the attorney who tried the case, and by a certificate of the clerk of the trial court to a copy of the entry on the judge's docket by which the fact was made to appear.    The action of the Court of Civil Appeals in dismissing the appeal and refusing to reinstate the cause was made the grounds of complaint in the Supreme Court, and

while the Supreme Court there held that the motion to reinstate should have been granted, still we think that case is distinguishable from the present case and the authorities above cited, in this, that a dismissal of an appeal for want of jurisdiction does not involve a consideration of the merits of the case.  It is a refusal to assume jurisdiction.  The case is also distinguishable from the present case in the fact that the motion for rehearing was supported by affidavit.

Counsel for appellees cite us to the case of Shaw v. Schuch, 58 Texas Civ. App., 255, as holding "that a motion for *certiorari* for the clerk of the District Court to send up the original statement of facts, filed after an affirmance of the judgment by the appellate court on account of an absence of an original statement of facts, would not be granted where it was alleged to be the fault of the district clerk in failing in the first instance to send up with the record the original statement of facts."  We have not seen a copy of the opinion in this case, but independently of this holding, the rule announced in Ross v. McGowen, *supra,* commends itself to us, and appellants' motion is accordingly overruled.

*Motion overruled.*