This is an appeal from the District Court of Tarrant County, but the transcript contains no judgment, and the appeal is therefore dismissed for want of jurisdiction in this court. Sayles' Texas Civil Statutes, article 1383; Riddle v. Bearden, 36 Texas Civ. App. 97[36 Tex. Civ. App. 97] (80 S.W. 1061). Appeal dismissed.
 ON MOTION FOR REHEARING AND CERTIORARI.
On February 26th we dismissed the appeal in this case because the record contained no final judgment, and we are now asked to grant a rehearing and award the writ of certiorari to perfect the record in this respect, and we are cited to the case of Hogsett v. Northern Texas Traction Company, 55 Texas Civ. App. 72[55 Tex. Civ. App. 72] (118 S.W. 807), as authority for granting the motion. We have no doubt of our power to grant a rehearing and award the writ of certiorari to perfect the record after the final disposition of the case, nor can any doubt exist that this power has been exercised by the appellate courts. On the other hand, such course has not been uniform, and this court has heretofore, and since the decision in the Hogsett-Traction Company case, in Sanders v. Eastland Independent School District, 126 S.W. 941, refused just such relief. The frequency with which we are confronted with requests for such relief as this has made it necessary to adhere more strictly to the wholesome rule announced by our Supreme Court in Ross v. McGowen, 58 Tex. 603, quoted in the opinion in the Sanders-School District case. Such relief was also refused in the case of Clark v. Ware (not yet reported), where a judgment was reversed for want of jurisdiction in the trial court due to an omission in the transcript, which omission was sought to be supplied by certiorari on rehearing. The rule announced by the Supreme Court and adhered to in the cases last cited is calculated to compel the attention of both the appellant and appellee to the state of the record on which *Page 378 
we are asked to revise the trial court's ruling, and to save the needless consumption of this court's time in reconsidering cases on corrected records, made necessary by carelessness or inattention of one or both parties to the appeal. The motions are therefore overruled.
Dismissed.