HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. J. W. PARKER.

No. 2144.    Decided March 15, 1911.

**1.—Practice on Appeal.**

A course of practice sanctioned by previous rulings of the appellate court should not be departed from to the prejudice of an appellant without previous announcement by the courts of their intention to enforce a different rule of procedure.    (P. 165.)

**2.—Same—Rehearing—Perfecting Record.**

An appeal being dismissed because the transcript did not contain a copy of the final judgment appealed from and hence showed no jurisdiction in the appellate court, the appellant, who had inadvertently overlooked the omission, should have been permitted, on motion for rehearing, in accordance with the practice frequently before pursued, to supply the omission by certiorari.    (Pp. 162-165.)

**3.—Same—Cases Discussed—New Rule Announced.**

The rule forbidding correction of the record on appeal after submission of the cause, announced in Ross v. McGowen, 58 Texas, is approved, and the later modification of that rule in Western U. Tel. Co. v. O'Keefe, 87 Texas, 423; Wichita Val. Ry. Co. v. Peery, 87 Texas, 597; Gulf, C. &. S. F. Ry. Co. v. Cannon, 88 Texas, 312; Gilbough v. Building Co., 91 Texas, 621; and other cases, disapproved, but here followed, with the announcement of a different rule as governing appellate procedure in the future.    (Pp. 163-165.)

**4.—Appelate Procedure—Perfecting Record—Amendment of Rules.**

Rule 22 for the Courts of Civil Appeals (94 Texas, p. 658) is here amended by adding thereto the following:    "All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing."    (P. 165.)

Error to the Court of Civil Appeals, Second District, in an appeal from Tarrant County.

The appeal of the railroad company from a judgment against it recovered by Parker was dismissed and the company obtained writ of error.

*Spoonts, Thompson & Barwise,* for plaintiff in error.

*McCart, Bowlin & McCart,* for defendant in error.

MR. JUSTICE RAMSEY delivered the opinion of the court.

On October 29, 1908, in the District Court of Tarrant County, J. W. Parker recovered a judgment, in a suit claiming a much larger sum, against the Houston & Texas Central Railroad Company, for the sum of five hundred dollars.    This judgment was duly and properly entered at the time.    From such judgment the railroad company appealed and on April 16, 1909, filed the transcript in the Court of Civil Appeals.    This record did not, however, contain the judgment rendered in the case.    By stipulations among the parties briefs of the company were filed October 18, 1909, and briefs for Parker were filed in the court below on January 15, 1910.    The appeal was dismissed by the Court of Civil Appeals on February 26, 1910, because

the transcript contained no final judgment and said court was therefore without jurisdiction.    Sayles' Texas Civil Statutes, art. 1383.

A motion for rehearing as well as a motion for certiorari to perfect the record was thereupon made, which were by the Court of Civil Appeals overruled on March 12, 1910.

In its application for a writ of error to this court the railroad company, after averring the facts substantially set out above and further that the judgment of the trial court was omitted from the record by inadvertence of the District Clerk and had not been discovered by it or its counsel until after the submission of the case and the order of dismissal, submits two propositions on which it seeks, in effect, to secure an order and decree from this court directing the Court of Civil Appeals to set aside its order of dismissal, grant the writ of certiorari and on its due return proceed to hear the appeal on its merits.

These propositions are, in effect:

1.    That since final judgment had in fact been rendered in the District Court it had jurisdiction to hear the appeal and that it erred in not setting aside its order dismissing the same.

2.    That though, as an original proposition, it acted within its rightful discretion in refusing to permit the record to be amended after submission, yet in this case its action was not justified since theretofore its practice had been, under similar cases, to permit such additions to the record and that the abrogation of such former rule and departure therefrom by the court had not been made known in any published decision or rule at the time of the filing of the record in the case or the submission thereof.

If the question presented were one of first impression, we would not hesitate to declare that the judgment of the court in this case was authorized, appropriate and timely.    We think the rule laid down in Ross v. McGowen, 58 Texas, 603, where it was held that this court would not, after submission of a cause and after decision thereof, grant a rehearing and award a certiorari to perfect the record when the motion for rehearing is based on the defectiveness of the record and when no excuse is offered to show why the defect was not discovered before the submission, states a correct rule of practice.    In discussing this matter Chief Justice Willie, speaking for the court, said:

"After a cause in once submitted upon a transcript supposed to be correct, as the parties have made no objection to it, and we have decided it upon such transcript, we can not undertake to reexamine such cause because the counsel for either party discovers a defect in the transcript, which, if supplied, might possibly lead us to a different conclusion.    A mistake in the pleadings or facts of a single word might influence the decision.    Thus discovered and remedied, a new opinion framed to suit the altered record might itself be set aside upon the discovery of some other error; and so on to numberless changes in the transcript and the decisions upon it.    This practice can not, of course, be allowed, and to prevent it the right to a certiorari must be limited to some point in the proceedings, which must not extend beyond the date of the submission of the cause to the court for

decision.  Indeed, this has been the rule of this court announced in frequent opinions of our predecessors, which, having been orally delivered, may not have come to the knowledge of the profession generally."

It is not to be doubted that the enforcement of such a practice may, in individual cases, operate as a hardship, but it must be remembered that the orderly dispatch of the business of the court is a matter of general concern.  A careful attention to the preparation of the record before it is filed, or any reasonable attention to the record after it is filed, but before submission, will obviate and prevent such a result. Certainly it is not asking too much of a litigant to require him to exhibit before the court in due time and in due form the judgment of which he complains.  To adopt any other rule is to encourage inattention and carelessness, to work confusion in the labors of the court and to bring about delays in the administration of justice.

However, while not in terms overruled, it can not be doubted that the later decisions of this court have substantially departed from the rule laid down in Ross v. McGowen, supra, and that this later rule has been accepted and followed by practically all of the Courts of Civil Appeals.

In the case of Western Union Tel. Co. v. O'Keefe, 87 Texas, 423, where notice of appeal had been omitted from the record, it was held that it was the fact of the appeal and not the mere entry of the notice of same in the record which gave the appellate court jurisdiction, and that the Court of Civil Appeals had authority to ascertain the fact of the appeal and should set aside an order of dismissal so that the record of the court below might be perfected and brought before such court on certiorari.  Judge Gaines, speaking for the court, there says: "The statute expressly confers upon the Courts of Civil Appeals 'the power, upon affidavit or otherwise, as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction.' Laws 1892, sec. 7, p. 27." And adds: "We are of opinion, that under this provision the court had the power upon the evidence which was adduced before it, if satisfied by it that the notice had as a matter of fact been given in open court, to have exercised jurisdiction over the case; though we think that the regular course would have been to have granted the appellant's motion to reinstate and to allow him time to perfect the record."

Again, in the case of Wichita Val. Ry. Co. v. Perry, 87 Texas, 597, in affirming the correctness of the decision of the Western Union Tel. Co. v. O'Keefe, supra, Judge Gaines held that where the appeal had been dismissed by the Court of Civil Appeals for the reason that notice of appeal did not appear in the transcript, that it was error to overrule a motion for rehearing based upon affidavit of counsel and supported by the certificate of the judge and clerk of the court where the case was tried that such notice of appeal had been given.  It is said that the Court of Civil Appeals should have set aside the order of dismissal and granted a reasonable time to amend the minutes of the District Court and to perfect the record of their own court.

It has occurred to us that there may be some distinction between

these cases and Ross v. McGowen, supra, in fact that in the last named case there was simply an imperfection in the record where the court had jurisdiction, whereas, in the latter case, the matter was jurisdictional. But this distinction is probably unimportant. However this may be, in the case of Gulf, C. & S. F. Ry. Co. v. Cannon, 88 Texas, 312, it was held, where the court ignored several important assignments of error for the reason that the statement of facts was not signed by the trial judge, that a certiorari should have been granted, where it appeared in application therefor, that the judge had signed the statement of facts. The matter of inconvenience, such as has been in our minds in this case, was there adverted to and discussed by Judge Gaines. He says: "It is true, that omissions of the character shown by the proceedings in this case could be avoided by the exercise of proper diligence on part of attorneys; and we are reluctant to adopt a rule which leads to delay and expense, and encourages negligence. But upon mature consideration, we think the ends of justice are best promoted by permitting the record to be perfected as well after the judgment is rendered as before it, provided the attention of the counsel has not previously been called to the omission by motion or otherwise."

These cases have been approved by this court as late at least as the case of Gilbough v. Building Co., 91 Texas, 621. We think it is to be regretted that the court ever departed from the safe and sound rule laid down in Ross v. McGowen, supra, but that we have done so and done so deliberately with a full consideration of all the consequences seems to be clear from the cases cited above. This rule has been recognized by practically all of the Courts of Civil Appeals and seems to have been followed by the court from which this appeal was prosecuted as late as Hogsett v. Northern Traction Co., 118 S. W., 807. We have concluded, therefore, that, in view of the extent to which the rule has obtained, the knowledge of it by the profession and the acquiescence in it by all the courts, it would work a hardship to the appellant to depart from the later decisions without notice. But to prevent and put an end to such delays, inconveniences and interferences with the Courts of Civil Appeals in the future and the possibility of an interruption to the business of this court we today amend Rule 22 for the Courts of Civil Appeals with reference to the preparation of causes for submission so that hereafter the rule shall read as follows:

"A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with the rules prescribed for the government of the District and County Courts, and filed in the court under the rules, with briefs of one or of both the parties, in accordance with the rules for the government of the court. All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing."

In view of the decisions stated above we have concluded that the judgment of the Court of Civil Appeals, dismissing the cause, should

be set aside and the writ of certiorari granted and on due return the cause considered and determined on its merits.

*Revised and remanded to Court of Civil Appeals.*