## COLLINS & JORDAN v. KITTRELL.

(Court of Civil Appeals of Texas. Dallas. Oct. 28, 1911. On Motion for Rehearing, Nov. 18, 1911.)

1 APPEAL AND ERROR (§ 512*)—JURISDICTION OF TRIAL COURT—FAILURE OF RECORD TO SHOW—EFFECT.

Where the amount in controversy is below the original jurisdiction of the county court and the record on appeal does not show that the case was appealed from a justice's court, the record fails to show that the county court had jurisdiction, and the court on appeal is without jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 512.*]

#### On Motion for Rehearing.

2. APPEAL AND ERROR (§ 659*)—DISMISSAL OF APPEAL—COMPLETION OF RECORD ON CERTIORARI.

Where an appeal from the county court, in an action involving an amount below its original jurisdiction, was dismissed because the record did not show that it had jurisdiction, certiorari did not lie to supply the omission in the record and show an appeal from a justice's court to the county court.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 659.*]

Appeal from Dallas County Court; W. M. Holland, Judge.

Action between Collins & Jordan and G. B. Kittrell. From a judgment for the latter, the former appeal. Dismissed, and motion for certiorari and rehearing overruled.

M. L. Robertson, for appellant.

BOOKHOUT, J. [1] This is an appeal from a judgment rendered in the county court. The suit was to recover for a mule, of the alleged value of $125, a sum not within the original jurisdiction of that court. The record does not show that the cause was appealed from the justice's court, or that the county court had jurisdiction of the suit. It not appearing that the county court had jurisdiction of the cause, it follows that this court is without jurisdiction. T. & P. Railway Co. v. Jordan, 83 S. W. 1105.

The appeal is dismissed.

#### On Motion for Rehearing.

On the 28th day of October of this term of court we dismissed the appeal in this case because the record failed to show that the county court at law of Dallas county, from which court the appeal was taken, had jurisdiction of the cause; the suit being to recover $125, an amount not within the original jurisdiction of that court, and the record failing to show that the case had been appealed from the justice's court.

[2] The appellants in their motion for rehearing pray for a certiorari to perfect the record and attach to the motion a certified copy of the transcript from the justice's court, which had been on file in the county court, showing that the cause was appealed from the justice's court. We are asked to grant a certiorari to complete the record and for a rehearing in the case.

In view of the opinion of the Supreme Court in the case of Houston & Texas Central R. R. Co. v. Parker, 135 S. W. 369, we must refuse this request. In that case the court amends rule 22 for the Courts of Civil Appeals with reference to the preparation of causes for submission in this court, so as to read as follows: "A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with the rules prescribed for the government of the district and county courts, and filed in the court under the rules, with briefs of one or of both the parties, in accordance with the rules for the government of the court. All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing."

Under this rule it was the duty of appellants before the submission of the case to see that the transcript of the record evidenced a case within the jurisdiction of this court. The record failing to show this fact, appellants are not, after the appeal has been dismissed, entitled to a certiorari to supply such omission. Railway Co. v. Parker, supra; Ross v. McGowen, 58 Tex. 603; Scott v. Cox, 30 Tex. Civ. App. 190, 70 S. W. 806 (opinion on motion for certiorari); Railway Co. v. Scott, 78 Tex. 360, 14 S. W. 791.

Appellants' motion for certiorari and for rehearing is overruled.