CISCO OIL MILL v. SHEPHERD.
(No. 8170.)

(Court of Civil Appeals of Texas. Ft. Worth. April 24, 1915.)

APPEAL AND ERROR ☞494—RECORD—RENDITION OF FINAL JUDGMENT.

Under Rev. St. 1911, art. 2078, authorizing appeals from final judgments of the county court, the transcript on appeal from the county court must show rendition of final judgment, or the appeal must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2285, 2286; Dec. Dig. ☞494.]

Appeal from Callahan County Court; L. L. Blackburn, Special Judge.

Action by the Cisco Oil Mill against M. A. Shepherd. From a judgment granting insufficient relief, plaintiff appeals. Dismissed.

F. S. Bell, of Baird, for appellant. Dallas Scarborough, of Abilene, for appellee.

CONNER, C. J. The record in this case shows that on the 10th day of February, 1912, the Cisco Oil Mill recovered a judgment against M. A. Shepherd for the sum of $107.70, besides costs of suit, from which the said Shepherd duly appealed to the county court of Callahan county by giving a bond, with J. N. Shepherd and W. C. Lasley thereon as sureties, as required by statute in such cases, and conditioned "that the appellant shall prosecute an appeal to effect and shall pay off and satisfy the judgment which may be rendered against him on such appeal." See Revised Statutes 1911, art. 2393. Before the trial in the county court, however, to wit, on the 7th day of July, 1913, M. A. Shepherd took the benefit of the bankrupt act, and pleaded that he was duly discharged, as required by law, by the United States District Court having jurisdiction thereof; the debt in controversy having been duly scheduled as among the liabilities of the bankrupt. The record further shows conclusions of fact on the part of the county court, an order overruling a motion for new trial by appellant, and the prosecution of an appeal to this court, and it is here insisted that the county court erred in failing to render a judgment against the sureties on the appeal bond given in the justice court, for the reason that section 16 of the bankrupt act provides that:

"The liability of a person who is a codebtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." Act July 1, 1898,

c. 541, 30 Stat. 550, 1 Fed. Stat. Ann. p. 578 (U. S. Comp. St. 1913, § 9600).

The record, however, fails to disclose any judgment by the county court either for or against said sureties, or otherwise disposing of the issues on their merits. It is from final judgments alone of the county court, with exceptions not necessary to here notice, to which our appellate jurisdiction extends. See Revised Statutes 1911, art. 2078. It is to be inferred, doubtless, that a final judgment was, in fact, rendered, but inferences are not to be indulged. The transcript should contain the evidence required by law; otherwise the appeal must be dismissed. See H. & T. C. Ry. Co. v. Parker, 126 S. W. 942; Id., 104 Tex. 162, 135 S. W. 369.

It is accordingly ordered that the appeal in this case be dismissed.