## BEARDSLEY v. SMITH. (No. 1470.)

(Court of Civil Appeals of Texas. Texarkana. May 6, 1915.)

APPEAL AND ERROR ☜597—TRANSCRIPT—DEFECT—JURISDICTION.

In an action by plaintiff, as trustee and individually, for an accounting against numerous defendants, arising out of his appointment as trustee to sell properties belonging to defendant's father, including bonds, and to secure the payment of claims of his creditors, making defendant a party on the ground of his ownership of a number of the bonds, a plea in reconvention seeking a personal judgment against plaintiff for damages for an alleged balance due from the sale of such bonds was germane to the suit, and the order striking it out was interlocutory only; so that, where the transcript did not contain a copy of the final judgment, the appeal from the

order would be dismissed for want of jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2627–2638; Dec. Dig. ☞597.]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by W. B. Smith against Charles H. Beardsley and others, in which defendant Beardsley filed a plea in reconvention. Plea stricken or dismissed, and defendant Beardsley appeals. Dismissed.

Wm. H. Clark, of Dallas, for appellant. Etheridge, McCormick & Bromberg, of Dallas, for appellee.

HODGES, J. This suit was instituted in December, 1910, by W. B. Smith, the defendant in error, as trustee and individually, joined by his law partners, John E. Moore and J. Merrett Moore, for an accounting and other relief not necessary to mention. A large number of parties were named as defendants, among whom were D. T. Bomar and his associates, the Fidelity Trust Company of Ft. Worth, the Continental Bank & Trust Company, J. D. Beardsley, C. H. Beardsley, and others. It appears from the original petition that in 1908 W. B. Smith was by agreement of the interested parties appointed a trustee to take charge of, manage, and sell certain properties belonging to J. D. Beardsley, one of the defendants below. This property consisted of a street railway and electric light plant situated in the city of Ft. Worth, considerable real estate in that city, and 505 bonds of the Louisiana & Northwestern Railroad Company of the par value of $1,000 each, all of which was incumbered by liens. Under the terms of this agreement, Smith was empowered to sell and convey the property and to negotiate for extension of indebtedness and liquidation of claims upon certain conditions. The trust was also created for the purpose of securing the payment of a large number of claims held by different creditors, and also some due to Smith and his law firm for services which they had rendered to J. D. Beardsley in the course of litigation in which he was involved. The plaintiff in error, C. H. Beardsley, was made a party defendant apparently upon the ground that he owned 35 bonds of the Louisiana & Northwestern Railroad Company of the par value of $1,000 each and which were disposed of by Smith in the negotiations for a settlement of the business affairs of J. D. Beardsley, the father of C. H. Beardsley. The plaintiffs in this suit, in addition to an accounting with the various creditors and claimants against the trust property, also sought a personal judgment against J. D. Beardsley for the debts due them. Some of the defendants below answered, while others disclaimed. The plaintiff in error, C. H.

Beardsley, answered by general and special exceptions and a general denial. In addition to these he filed a plea in reconvention, in which he sought a personal judgment against Smith alone for damages in the sum of $12,000 for the alleged balance due on the sale of the 35 bonds above referred to. Exceptions were interposed and sustained to this portion of the plaintiff in error's answer, and it was stricken out, or dismissed. This appeal is from that order, which is the only judgment to be found in the record. We are not advised as to what disposition was made of the case upon its merits, or whether it was ever disposed of or not.

The first question is: Does the record present a case of which this court can take jurisdiction? The plea in reconvention, while an independent action, became nevertheless a part of the original suit. Any ruling made by the court in advance of a final determination of the cause as to the sufficiency of that plea, while a finality as to that particular issue, was merely interlocutory as to the main suit. Let us suppose that the defendant in error and the plaintiff in error were the only parties to a suit in which the former sought the same character of relief as that prayed for in this suit, and that plaintiff in error as defendant had interposed, as he has here, exceptions and denials to the petition, and had also alleged facts which if true would entitle him to affirmative relief on a counterclaim. Let us assume further that the court erroneously sustained an exception to the plea in reconvention and struck it out. It certainly could not be contended that an appeal would lie from that order before a final judgment had been rendered on the merits of the case. The principle which should govern in the supposed case is the same which must be applied here. Article 2113 of the statute requires that the transcript shall in all cases contain a copy of the final judgment. That is necessary in order that the record may affirmatively show that a judgment from which an appeal will lie has been rendered. Our conclusion is that, if the facts relied on as the basis of the plea in reconvention were such as might have been pleaded in that form in this suit, we cannot review the ruling of the court in striking it out upon a record which does not show that a final judgment had been rendered. On the other hand, if the facts set up in the plea in reconvention constituted an independent suit wholly disconnected with the facts alleged in the original petition, the court correctly sustained the exception. We base our disposition of the case, however, upon the ground that the facts set up in the plea in reconvention were germane, and the order striking them out was interlocutory only, and that we are therefore without jurisdiction to review that order in the present state of the record. The appeal is therefore

dismissed. Houston & Texas Central R. R. Co. v. Parker, 126 S. W. 942; Id., 104 Tex. 162, 135 S. W. 369.