**BLALOCK et al. v. SLOCOMB.**
(No. 332–3692.)

(Commission of Appeals of Texas, Section B. Dec. 6, 1922.)

**Appeal and error ☞807—Appeal dismissed for apparent want of jurisdiction reinstated where jurisdiction in fact exists.**

Where an appeal has been dismissed because of absence of exception to the judgment below and of notice of appeal therefrom, and motion for rehearing is made, showing that in fact the judgment was excepted to and notice of appeal given, such motion should be granted, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1593, giving the courts power, upon affidavit or otherwise, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction, and of Court Rule No. 1 (142 S. W. x), requiring the clerks of the Courts of Civil Appeals to notify counsel if the appeal or writ of error has not been duly perfected.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by S. J. Slocomb against L. L. Blalock and others for an injunction. Judgment for complainant, and upon appeal by defendants to the Court of Civil Appeals the cause was dismissed (231 S. W. 864), and defendants bring error. Judgment of Court of Civil Appeals reversed, and cause remanded, with instructions as recommended by Commission of Appeals.

Byers & Cavanaugh, of Houston, S. M. Burns, of Cameron, for plaintiffs in error.
Chambers & Wallace, of Cameron, for defendant in error.

POWELL, J. This case is admirably stated by the Court of Civil Appeals, as follows:

"Appellee began this suit in the district court of Milam county, Tex., by his petition filed December 19, 1919, alleging that on said date he was the owner of a certain house and lot in the town of Cameron, Tex., and that same was his business homestead, which he had never abandoned, and that appellants had, on the 10th day of December, 1919, levied an execution thereon, and by virtue thereof was advertising the same for sale, and praying for a temporary writ of injunction to restrain said sale, and that appellants Wilkins & Lange be enjoined from further levying any writ of execution on said property, and that the lien of appellants Wilkins & Lange, created by the abstract of judgment theretofore recorded in said Milam county, be removed as a cloud upon appellee's title to said property, and that on final hearing, the said writ be made perpetual. The temporary writ was issued, as prayed for, and hearing thereon set for the next regular term of the district court of said Milam county, in January, 1920. The cause came up regularly for trial on February 2, 1920, before the court without a jury, and the court, after hearing the evidence, rendered judgment in favor of appellee that the property in question was appellee's business homestead, and perpetuating the writ of injunction, and granting full relief as prayed for by appellee, from which judgment this appeal is prosecuted.

"At the threshold of the case, we are met with the objection of appellee that this court is without jurisdiction to determine this appeal, for the reason that appellants did not except to the judgment in the court below, and that no notice of appeal was given from said judgment. We have carefully inspected the whole record, and find that it fails to show that any exception to said judgment was made or any notice of appeal was given."

Upon the finding of fact last above quoted, the Court of Civil Appeals dismissed this cause. See 231 S. W. 864. Within 15 days after aforesaid order of dismissal was entered, plaintiffs in error filed a motion for rehearing in said cause, alleging, among other things, that they had not theretofore had any notice of any kind of the incomplete status of the record as shown by the transcript on file in the Court of Civil Appeals, nor of any motion to dismiss the case by reason thereof, nor of any other objection of counsel for defendant in error in that connection. Counsel, in the motion for rehearing, further showed that the judgment of the district court was duly excepted to, and notice of appeal to the Court of Civil Appeals given as and when required by law.

The motion for rehearing was attested by affidavits of certain of the attorneys who participated in the trial below, and was also accompanied by a copy of the district judge's docket entries in the case, which copy was duly certified by the clerk of the district court of Milam county, Tex. The copy shows that the judge entered the following order on February 2, 1920, the case having been tried on that day as per a former setting:

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Judgment for plaintiff. Defendant excepts, and gives notice of appeal to Court of Civil Appeals of Third judicial district of Texas, at Austin, Travis county, and given 30 days from and after adjournment of court in which to file statement of facts and bills of exceptions. Request of court to file conclusions of law and finding of facts."

The facts stated in the motion for rehearing were not controverted. The only contention made by opposing counsel was that they had filed their brief in the Court of Civil Appeals, and that said brief called attention of the Court of Civil Appeals to this lack of jurisdiction, and suggested a dismissal of the case by reason thereof. Referring to this particular contention, counsel for Blalock aver in their motion that they had never received or read a copy of brief filed by counsel for Slocomb. This statement is not controverted. The record shows that the brief for Slocomb was filed in the Court of Civil Appeals about five or six months after the record and brief for appellant Blalock had been filed therein. The motion for rehearing, at least prima facie, shows that in truth and in fact, the Court of Civil Appeals did have jurisdiction of this case. In other words, the clerk of the district court certifies that the judge's docket, by written entries thereon, attested the exception of Blalock to the judgment of the district court and his notice of appeal therefrom. The attorneys for Blalock, in their motion asked that the rehearing be granted and an opportunity be given to perfect the record. Under the facts shown in this motion we think the same should have been granted. See article 1593, Vernon's Sayles' Rev. Civil Statutes of Texas of 1914; Rule 1 for the Courts of Civil Appeals (142 S. W. x); Western Union Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945; Railway Co. v. Peery, 87 Tex. 597, 30 S. W. 435; Railway Co. v. Peery, 88 Tex. 378, 31 S. W. 619; Railway Co. v. Cannon, 88 Tex. 312, 31 S. W. 498; Gilbough v. Building Co., 91 Tex. 621, 45 S. W. 385; Railway Co. v. Parker, 104 Tex. 162, 135 S. W. 369; Wells v. Driskell, 105 Tex. 77, 145 S. W. 333; Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441; Maury v. Turner (Com. App.) 244 S. W. 809.

Every one of the above authorities, except the last, is an expression by the Supreme Court of Texas itself, to the effect that, under such a showing as we have here, an opportunity should be given by a court of civil appeals for the perfecting of the record so as to reflect the truth. The case of Maury v. Turner, supra, is by this section of the Commission of Appeals. In that case the Commission held that the Court of Civil Appeals had properly, under the article of the statute heretofore cited, satisfied itself as to jurisdictional questions.

The authorities cited are all strong and clear.

Article 1593 of our Statutes reads as follows:

"The said courts shall have power, upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction."

Chief Justice Gaines, in the case of Telephone Company v. O'Keefe, supra, quotes this statute, and says it should be exercised in a case of this kind.

The Supreme Court, in case of Railway Co. v. Peery, supra, says:

"The appeal in this case was dismissed by the Court of Civil Appeals of its own motion, because the transcript failed to show that notice of appeal had been given in the trial court. Thereupon the appellant filed a motion for a rehearing and to set aside the order of dismissal, in which it was alleged, that the notice of appeal had in fact been given in open court, and had been entered upon the judge's docket. The motion was supported by the affidavits of counsel, as well as by the certificate of the judge and that of the clerk of the court in which the case was tried. The motion was overruled. This was error. The Court of Civil Appeals should have set aside the order of dismissal and granted a reasonable time to amend the minutes of the district court and to perfect the record of their own court. Tel. Co. v. O'Keefe, decided at the present term (ante, p. 423)."

The other Supreme Court cases cited are equally clear and in point. In each of them it is held that an opportunity should be given to show jurisdictional facts where they seem to exist in fact but are absent from the record as already filed in the Court of Civil Appeals.

The case of Patrick v. Pierce, supra, is especially interesting. We quote from the opinion of Chief Justice Phillips in that case as follows:

"On the second question, in the then state of the rules for the government of the Courts of Civil Appeals, we think the appellant should have been given an opportunity to perfect the record before it was ruled that the court had no jurisdiction of his appeal. Rule 1, 142 S. W. x, reads:

" 'The clerks of the Courts of Civil Appeals shall receive the transcripts delivered and sent to them, and receipt for the same if required, but they shall not be required to take a transcript out of the post office, or an express office, unless the postage or charges thereon be fully paid. Upon receipt of the transcript it shall be the duty of the clerk to examine it in order to ascertain whether or not, in case of an appeal, notice of appeal and a proper appeal bond or affidavit in lieu thereof (where bond is required) have been given; and in case of a writ of error, whether or not the citation in error appears to have been duly served, and error bond or affidavit in lieu thereof (where such bond is required) appears to have been filed. If it seem to him that the appeal or writ

of error has not been duly perfected he shall note on the transcript the day of its reception and refer the matter to the court. If, upon such reference, the court shall be of opinion that the transcript shows that the appeal or writ of error has ,been duly perfected, they shall order the transcript to be filed as of the date of its reception. If not, they shall cause notice of the defect to issue to the attorneys of record of the appellant or plaintiff in error, as the case may be, to the end that they may take steps to amend the record, if it can be done, for doing which a reasonable time shall be allowed. If the transcript does not show the jurisdiction of the court and if after notice it be not amended, the case shall be dismissed.'

"By this rule it is plainly provided that upon its receipt the clerk of the Court of Civil Appeals shall examine the transcript for the purpose, of seeing whether the jurisdiction of the court is shown; and if it is not, notice to that effect shall be given the attorney of record for the appellant or plaintiff in error, who shall have a reasonable time in which to amend the record, if that can be done, so as to evidence the jurisdiction.

"On March 15, 1911, in Houston & Texas Central Railroad Company v. Parker, 104 Texas, 162, 135 S. W. 369, this court, without abrogating or modifying rule 1, amended rule 22, 142 S. W. xii, effective on the same day, so as to read as follows:

" 'A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with the rules prescribed for the government of the district and county courts, and filed in the court under the rules, with briefs of one or of both the parties, in accordance with the rules for the government of the court. All parties will be expected, before submission, to see that the transcript of the record is properly prepared, and the mere failure to observe omissions or inaccuracies therein will not be admitted, after submission, as a reason for correcting the record or obtaining a rehearing.'

"This amendment, as stated in the opinion of Associate Justice Ramsey, was for the purpose of meeting the court's departure in a number of cases from the rule originally announced in Ross v. McGowen, 58 Texas, 603; and under it, when read in connection with the opinion, it is plain that no correction of the record for any purpose is permissible after the submission of the cause.

"The judgment of the county court in the present case was rendered July 28, 1911, at a time, therefore, when both rules were in force. It is evident, that the two rules are in conflict. As applied to this case, the appellant, under rule 1, was entitled to an opportunity to perfect the record so as to evidence the court's jurisdiction before this appeal was disposed of (Wells, v. Driskell); whereas, under amended rule 22 it was incumbent upon him to discover the omission, and his right to supply it was lost upon the submission of the case.

"Under this state of conflict in the rules we think the question should be resolved in favor of the appeal. It is therefore held that the appellant should have been given an opportunity to bring the justice court transcript before the court by means of a writ of certiorari before the appeal was acted upon and the cause

remanded on account of the jurisdiction of the court not being shown; and the writ should now be allowed.

"This determination of the second question renders unnecessary the consideration of the other question certified."

Even in the case of Railway Co. v. Parker, supra, Judge Ramsey permitted the perfecting of the record in view of the prior decisions of the Supreme Court. But, believing that delays in the handling of their dockets by the Courts of Civil Appeals should be avoided, the Supreme Court in the Parker Case promulgated amended rule 22 for the Courts of Civil Appeals (142 S. W. xii). This amended rule was discussed five years later, in 1916, by Chief Justice Phillips, as just above shown.

More than six years ago, the Supreme Court made its last pronouncement on this subject through Chief Justice Phillips. The court then settled the conflict between rules 1 and 22 (142 S. W. x, xii), which have remained unchanged, in favor of rule 1, and also in favor of the substantial right of appeal. We are glad the court did so. While we believe, as much as any one, in the importance of prompt action in the courts, we think delays are preferable to denials of substantial rights. We deem the right of appeal to be such a right. We would be reluctant to close the courts to a litigant because of lack of jurisdiction, which lack did not, in fact, exist. Prompt dispatch of business at such a cost comes too high, we think.

Chief Justice Gaines had this very point in mind in the case of Railway Co. v. Cannon, 88 Tex. 312, 31 S. W. 498. We think he has happily expressed the correct views in this connection, as follows:

"It is true, that omissions of the character shown by the proceedings in this case could be avoided by the exercise of proper diligence on part of attorneys; and we are reluctant to adopt a rule which leads to delay and expense, and encourages negligence. But upon mature consideration, we think the ends of justice are best promoted by permitting the record to be perfected as well after the judgment is rendered as before it, provided the attention of the counsel has not previously been called to the omission by motion or otherwise."

But, regardless of our views, the Supreme Court has spoken in the case of Patrick v. Pierce, supra. Since that time, amended rule 22 does not govern in a case of this kind, but yields to rule 1. Under the latter rule, the Supreme Court says that it is the duty of the clerk of the Court of Civil Appeals to inspect the transcript and see if the same shows jurisdiction in the Court of Civil Appeals, and, if not, to give an opportunity for correction.

Since the opinion in the case of Patrick v. Pierce, supra, was written, we do not find that any Court of Civil Appeals has refused

to permit a record to be perfected in a case of this kind, except the action of the Court of Civil Appeals in the instant case. On the other hand, there are several instances where the relief has been granted.

Until the Supreme Court speaks again, we think the bar and litigants have been justified in relying upon its last expression as contained in Patrick v. Pierce, supra. Under that authority rule 1 is still in full force and effect. It seems to us a splendid rule. A transcript is not entitled to filing in a Court of Civil Appeals unless it shows jurisdiction in that court. Consequently, the clerk could, at least as well as any one else, examine the record to ascertain the facts conferring jurisdiction. If, by a mere oversight on the part of some one, the transcript presented does not show jurisdiction, we think the rule which gives an opportunity to those interested to make the record complete and speak the truth is a good one. The judgments of our courts inspire public confidence in proportion, as they are based upon records which ring true. If a Court of Civil Appeals dismisses a case for lack of jurisdiction because no notice of appeal is shown in the record, when, as a matter of fact, such notice was given in the trial court, the judgment of the Court of Civil Appeals is based upon a false premise. Such a condition should not, we think, be encouraged. Especially do we think so, when such a situation is susceptible of so much harm to one of the parties and involves only a matter of small delay to the other.

The case at bar has run its course since Chief Justice Phillips said, in Patrick v. Pierce, that under rule 1 it is the duty of the clerk of the Court of Civil Appeals, upon receipt of a transcript, to examine it to see if that court has jurisdiction, and, if not, opportunity shall be given to correct it so as to show jurisdiction, if that can be done.

If above rule had been observed, the correction in the instant case would doubtless have been made before submission in the Court of Civil Appeals. If the rule is observed hereafter by the clerks, submission in the Court of Civil Appeals cannot and will not be delayed. The promptness with which counsel in the case at bar acted after they did discover the incomplete state of this record justifies us in this assertion.

We think the motion for rehearing should have been granted by the Court of Civil Appeals and an opportunity given to Blalock and his counsel to perfect the record. Therefore we are of the view that the judgment of the Court of Civil Appeals should be reversed, with instructions to it to permit the record to be perfected, and, if upon a complete record, that court is satisfied that the judgment of the trial court was properly excepted to, accompanied by a lawful notice

of appeal, to then proceed to reinstate the case for consideration upon its merits.

When a case has been incorrectly dismissed by the Court of Civil Appeals, the Supreme Court has decided that the proper practice is to remand the case to that court for reinstatement and consideration upon its merits. See Bomar v. West, 87 Tex. 299, 28 S. W. 519; Frank v. Tatum, 87 Tex. 204, 25 S. W. 409; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; McKenzie v. Withers (Tex. Com. App.) 206 S. W. 503; Id., 109 Tex. 255, 206 S. W. 503; Tennison v. Donigan (Tex. Com. App.) 237 S. W. 229.

Therefore, we recommend that the judgment of the Court of Civil Appeals be reversed, and the cause remanded to that court, with instructions to grant the motion for rehearing filed therein by plaintiffs in error, and permit the record to be perfected; that if, upon the completion and perfecting of the record, it appears to the Court of Civil Appeals that the judgment of the trial court was properly excepted to and lawful notice of appeal given, said court shall reinstate the case for consideration upon its merits.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to that court, with instructions as recommended by the Commission of Appeals.