**SURTEES v. HOBSON et al.    (No. 7809.)**

Court of Civil Appeals of Texas. San Antonio.
June 15, 1927.

Rehearing Denied July 2, 1927.

Appeal and error ⊚⟹79(1)—Judgment, not disposing of interests of all parties in suit for partition and accounting, held not appealable; "final judgment."

    In suit for partition of land and mineral rights and accounting of proceeds of sales of oil and gas products, judgment, which made no disposition of interests as to some of the parties, *held* not appealable, since "judgment" is not final, unless it disposes of every matter in controversy and as to all parties in case.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by A. W. Surtees against A. W. Hobson and others. From the judgment, plaintiff appeals. Appeal dismissed.

Wm. C. Church, Douglas N. Lawley, and James V. Graves, all of San Antonio, for appellant.

Hertzberg & Kercheville, of San Antonio, for appellees.

FLY, C. J. This suit was brought by A. W. Surtees against A. W. Hobson, W. T. Voorhees, J. Lillian Hohweisner and husband. Frederick Hohweisner, according to the first paragraph of the first amended petition, but in the second paragraph it is stated:

"He and said defendants and Harold Surtees, Marshall Surtees, Mary Ethel Surtees, and A. W. Surtees, guardian for Anthony Surtees, Leonard Surtees, and Alfred Surtees, are the joint owners and claimants of the following described lands and premises known as all that certain tract of land and parcel of real estate lying and being situated in the county of Bexar and state of Texas."

After describing the 60½ acres of land, it is further alleged:

"And that they are also joint owners and claimants of the mineral, coal, petroleum and gas rights, in fee and by lease, in and to said lease; that the plaintiff is the owner of a life estate in and to an undivided one-third of said premises; that the defendant A. W. Hobson is the owner of an undivided one-half of the undivided two-thirds of seven-eighths of said premises and rights; and that the co-plaintiffs Anthony Surtees, Leonard Surtees, Alfred Surtees, and A. W. Surtees, as guardian, are the owners of an undivided one-eighth in said mineral, coal, petroleum, and gas rights, and the owners in fee, of said land subject to the one-third life estate of this plaintiff."

The allegations are somewhat confusing as to who are the plaintiffs in the case, if there are more than one. A partition of the land and mineral rights therein was sought and an accounting of the proceeds of sales of oil and gas products, and that he, possibly meaning A. W. Surtees, have judgment for his interest in $47,190.76, appropriated by "the defendants," and for an injunction preventing the appropriation of any other sums obtained from the sale of mineral products of the land, and that a receiver be appointed. Harold Surtees, Marshall Surtees, and A. W. Surtees, guardian for Anthony Surtees, Leonard Surtees, and Alfred Surtees, describing themselves as "defendants," filed an application, after the appellees had answered, to be made plaintiffs, and adopted the pleadings of A. W. Surtees. A guardian ad litem, R. N. Gresham, was appointed by the court to represent Leonard Surtees and Alfred Surtees, and he answered for them, styling them defendants, A. W. Hobson, W. T. Voorhees, and the Hohweisners, setting up a long lease of the land made by A. W. Surtees as guardian of the estate of Mary Ethel Surtees, Anthony Surtees, Leonard Surtees, and Alfred Surtees, minors, Harold Surtees by C. C. Clamp, attorney in fact, Marshall Surtees by C. C. Clamp, attorney in fact, A. W. Hobson being lessee to whom the lease was made. The cause was heard by the court, no jury being demanded, and a judgment was rendered that A. W. Surtees recover nothing, and that the defendants A. W. Hobson, W. T. Voorhees, Lillian Hohweisner and her husband, Frederick Hohweisner, recover all costs. It was also ordered that Hobson, Voorhees, and Hohweisners recover nothing on a cross-action set up by them against Harold Surtees, Marshall

---

Surtees, Mary Ethel Surtees, Leonard Surtees, and Alfred Surtees. The guardian ad litem was allowed a fee of $50, which was made a part of the costs. A. W. Surtees alone sought to appeal by giving an appeal bond for the costs to Hobson, Voorhees, and the Hohweisners. The judgment is described in the bond as being against appellant for costs, nothing being said of the judgment on the cross-action.

No disposition seems to have been made of the interests of the minors, Anthony, Leonard, and Alfred Surtees, nor the interest of the adults, Harold Surtees, Marshall Surtees, and Mary Ethel Surtees, although they seem to have been plaintiffs, and alleged to be "the joint owners and claimants" of the land and minerals. No mention is made of them in the judgment except in connection with the cross-action. Whether they were plaintiffs or defendants in the trial court they should have had some disposition made of all claims for or against them.

A judgment is not final unless it disposes of every matter in controversy and as to all the parties in the case. Rodrigues v. Trevino, 54 Tex. 198; Railway v. Scott, 78 Tex. 360, 14 S. W. 791. The guardian ad litem states that the minors were brought into the suit on the cross-action filed by appellees, but the record discloses that they were already parties before the cross-action was filed. The latter was filed on June 2, 1924, and the record shows that the minors had through their guardian appeared in the suit on May 23, 1924. Had it been true, as stated by the guardian ad litem, that would not have removed the fact that the minors had answered through their guardian ad litem that they owned a fee-simple title to parts of the land and set up claims antagonistic to appellant, nor is the fact removed that there were at least three adults whose interests were not adjudicated. The judgment not being final, an appeal could not be prosecuted.

The appeal will be dismissed.