## T. C. SHELDON v. CHRISTOBAL BENAVIDES.

(Case No. 1668.)

1. TRESPASS TO TRY TITLE — PRESUMPTIONS — STATEMENT OF FACTS.— In trespass to try title, no statement of facts was incorporated in the transcript on appeal, but the appellant relied for a reversal on exceptions, which showed that appellant, who brought the suit, was permitted to introduce in evidence an examined copy from the general land office of the grant under which he claimed. The record showed that the court, a jury being waived, heard the evidence, and decided on the law and facts in favor of appellees, and judgment was rendered accordingly. It showed that the appellees had pleaded "not guilty" and the three, five and ten years' statutes of limitations. *Held,*

(1) The court will presume, in the absence of a statement of facts, that the evidence which supported the defenses pleaded was heard by the court, and was sufficient to sustain the judgment, no exception appearing to its introduction.

(2) Though it may appear that the appellant's title was good on its face, the supreme court must presume that the evidence for appellee was sufficient to sustain the defenses pleaded.

APPEAL from Webb. Tried below before the Hon. J. C. Russell. The opinion sufficiently states the case. It is unnecessary to give the authorities relied on in the able briefs of counsel, since they all refer to the validity of the grant offered in evidence by appellant, and which, in view of the disposition made of the case, are unimportant.

*McLane & Atlee* and *Bethel Copewood,* for appellant.

*E. R. Tarver* and *Showalter & Nicholson,* for appellees.

WEST, ASSOCIATE JUSTICE.— In this case there is no statement of facts in the record. The only error assigned is the action taken by the district court, where objections were raised by appellees to the introduction in evidence of the supposed Mexican grant to the *locus in quo* to one José Manuel Garcia.

The appellant, as appears from the bill of exceptions, in the first place, and without any other evidence, prefatory or explanatory in its character, having been introduced by him, produced and offered to read in evidence a certified translation from the general land office, of the purported grant in question, the original of which was in the custody of the commissioner of the general land office.

Appellees, on various grounds set out in the bills of exception, objected to the introduction in evidence of the certified translated copy in question.

The district judge, without in terms sustaining all the objections of the appellees, refused at that stage of the case to permit the copy offered in evidence to be read, giving at the same time, as appears from the bill of exceptions, the reasons that induced this action on his part.

The second reason given by the judge was that the supposed grant in question did not appear, from the evidence so far before the court, to have been lawfully archived in the general land office.

At this stage of the proceedings, and before the grant offered in evidence had been finally passed on by the court or excluded, the record shows that the appellant, probably with a view to meet and obviate the objections to the introduction of his evidence of title, suggested by the court, at once introduced proof to the effect that the original of the paper offered in evidence was in fact then on file in the general land office, and that he could not procure such original. The appellant, also, in the same connection, proved further, to the satisfaction of the court, that the copy of the grant offered in evidence was an examined copy of the original grant, and the witness had read and compared the present copy with the original, and that the copy offered in evidence was a correct copy of the original. How, or by whom, or in what manner, this proof was made is not disclosed by the bill of exceptions, and, as there is no statement of facts, we cannot know. The presumption is that the proof offered and made was full and proper in every respect. It was evidently satisfactory to the court, for the record further discloses that upon hearing this last evidence, to the introduction of which there seems to have been no objection interposed, the court in part reconsidered or rather modified its original ruling as to the admissibility in evidence of appellant's title, for the record shows that on hearing this evidence, offered in support of appellant's title, the court became satisfied with it, and, under the additional evidence thus offered, admitted the copy of appellant's title in evidence, for the purpose of allowing appellant to establish the presumption of a grant arising from possession, but for no other purpose.

After appellant's title was, in this manner, permitted by the court to be introduced in evidence, the record further discloses the following additional facts: That the trial of the cause then proceeded regularly, and the court (a jury having been waived by the parties) heard the evidence in the cause, and after hearing, also, the argument of counsel, decided that, on the law and the facts of the case, as disclosed on the trial of the case before the court, the right was, with the appellees, and accordingly gave judgment in their favor.

The appellees, in their elaborate and carefully prepared answers, beside the plea of "not guilty," had set up fully the defense of the statute of limitations. The three, five and ten years' statutes of limitation were all fully pleaded; the nature and character of the title under which they held, and the length and extent and character of their possession, was also fully set out.

Their evidence in support of these defenses was, we must presume, a part of that testimony which the record declares that the court heard on the trial of the case. The record does not show that the appellant made any objection to their evidence thus introduced, and we must therefore conclude that it was lawful and proper testimony, and sufficient to sustain the good defenses set up in the pleadings of the appellees.

In the absence of a statement of facts we cannot say that the rights of appellant were in any manner prejudiced by the action of the district court in reference to his supposed title.

It may possibly be, perhaps, inferred from the pleadings of the appellant that he was connected in some way (how is not shown), in his claim to the land in suit, with the original grantee, Garcia.

It is also possible that he introduced in evidence, on the trial, the intermediate links (if there were any) in his title from the sovereignty to himself. On this point, however, the record is entirely silent.

Be that as it may, as there was a regular trial of this case on the facts, and the appellees set up a defense which was a good defense if properly supported by proof, whether the appellant's title was good or not on its face, we cannot undertake to say, in the absence of the statement of facts, that the evidence of appellees, adduced on the trial, was not sufficient to sustain the defense pleaded, even if appellant's title was perfect on its face, as he contends it is, and had been so held by the court below.

At this term of the court, in Lockett v. Schurenberg, all the cases in which this court has, on a bill of exceptions, in the absence of a statement of facts, revised the action of the district court, were reviewed and examined.

In connection with the present record, those decisions have been again very carefully considered, and we find no one of them that would justify us, under the state of case disclosed by this record, in attempting to review and revise the ruling of the court in this case upon the matter now presented to us.

Here there was a solemn trial of the case on the facts, conducted in all respects, so far as the record shows, in strict conformity with

law. No record has been preserved of what was said and done on that trial. The appellees may have fully sustained by abundant evidence the defenses relied on.

The appellant may have failed to connect himself, by proper mesne conveyances, with the original grantee; or he may have failed in the proof of that long possession that the court required him to make in order to establish the validity of his grant.

We cannot undertake, in the absence of all the evidence in the case, to revise the action of the district court in its rulings on the introduction or exclusion of testimony during the progress of the trial of the case.

The counsel for the appellant, who does not seem to have been connected with the trial of the case below, has in his brief presented with commendable research and ability the novel and difficult questions upon which he relies to establish the validity of the Garcia grant.

It is a matter of regret to us that the record before us does not sufficiently disclose the nature of the right and title claimed by appellant to enable us to intelligently examine and pass upon the interesting questions which have been so satisfactorily presented for our consideration.

AFFIRMED.

[Opinion delivered January 29, 1884.]