No. 1993.

THE GALVESTON, HARRISBURG AND SAN ANTONIO RAILWAY
COMPANY *v.* HENRY J. WARE.

1. PRACTICE—PLEADING—DAMAGES.—In a suit to recover damages, actual
   and exemplary, where only actual damages are awarded, the action of
   the court in overruling a demurrer to so much of the petition as stated
   facts on which the claim for exemplary damages was based, will not be
   considered at the instance of defendant, on appeal.
2. PLEADING.—See statement of this case for language improper to be in-
   serted in a petition, and such as should be stricken out by order of the
   court.
3. DAMAGES.—In a suit for damages against a railway company, it was al-
   leged that plaintiff's house was greatly injured and weakened by overflow
   of water, caused by defendant's railway; that the plaintiff repaired the
   house and occupied it until seven months after the overflow, when it was
   destroyed, with his furniture and stores, by a storm, and he attributed
   his loss to its weakened condition caused by the overflow. *Held:*
   (1) The plaintiff was entitled to recover only such damage as directly
   and necessarily resulted from the overflow; but he was not entitled to
   recover for an injury caused by the storm occurring seven months after-
   wards.
   (2) If the house was rendered insecure by the overflow, the plaintiff
   could not by his own negligence contribute to his own loss by placing
   goods in it, and then hold the railroad company liable for their destruc-
   tion.
   (3) If the house was injured by the negligence of the company, the
   measure of damages, and plaintiff's right to recover them, were fixed
   before the storm came which destroyed it.
   (4) For such injury he would be entitled to recover such sum as would
   be required to restore the house to its former condition, with reasonable
   compensation for loss of its use while in course of repair, or to the differ-
   ence between the value of the house before and after its injury, with
   compensation for deprivation of its use while undergoing repairs.
   (5) The injury from the storm was neither the ordinary or necessary
   result of defendant's negligence.

APPEAL from Kinney.    Tried below before the Hon. Thomas
M. Paschal.

The facts are stated in the opinion, except the language re-
ferred to as improper in pleading, which is as follows: "Plain-
tiff, therefore, in addition to the injuries hereinbefore pleaded,
says that defendant is a wealthy and powerful corporation, com-

posed of enormous land holders of Texas lands, and the largest railroad owners in the world, and says that they should be so castigated for indulgence of malice ·to an individual that they will feel it as a castigation, and asks for exemplary damages against the defendant ten thousand dollars.''' ·

*Solon Stewart*, for appellant, cited Brandon v. Manufacturing Company, 51 Texas, 121; De La Zerda v. Korn, 25 Texas, supplement, 188; 1 Southerland on Damages, 48, 49, 36, 57; Revised Statutes, Articles 1420, 1421, 2427; International & Great Northern Railroad v. Halloren, 53 Texas, 46; Houston & Texas Central Railway Company v. Fowler, 56 Texas, 453; McQueen v. Fulgham, 27 Texas, 464; Willis v. Lewis, 28 Texas, 185.

*J. A. Ware*, for appellee, that the cause of the damage claimed was not too remote, cited Gulf, Colorado & Santa Fe Railway Company v. Donahoo, 59 Texas, 129; Texas Central Railway Company v. Clifton, 2 Willson, Court of Appeals, section 489; International & Great Northern Railroad v. Malone, White & Willson's Condensed Reports, section 234.

STAYTON, ASSOCIATE JUSTICE. There is nothing in the facts of this case on which to base a claim for exemplary damages, and as none other than actual damages were awarded by the jury, no injury resulted from overruling the demurrer to so much of the petition as attempted to state facts on which to found a claim for exemplary damages. The language used, however, in that part of the petition, was improper and should\have been stricken out.

The application, which was for a first continuance, was in strict compliance with the statute, showed legal diligence, and should have been granted, on account of the absence of the witness.

It was claimed by the appellee, among other matters, that a house on his lot was greatly injured on September 15, 1883, by a flow of water upon that lot, caused by the improper construction of appellant's railway, that he caused to be repaired and had in it on April 30, 1884, furniture and stores which, with the house, were on that day destroyed by a storm. This destruction of the house he attributed to its weakened condition, resulting from the· overflow which occurred more than seven months before. Evi-

dence to prove the destruction of the house, furniture and goods, was objected to but admitted.

If the house was injured through the negligence of the appellant then the appellee was entitled to recover damages which directly or necessarily resulted from such injury, but he was not entitled to recover for an injury resulting from another cause, which the appellant in no way participated in bringing about.

If the house was rendered insecure by the overflow, and this resulted from the negligence of the appellant, it was negligence in the appellee to place furniture and stores in it, and the injury resulting from his own act can not entitle him to compensation.

The right to recover for any injury to the house caused by the negligence of the appellant, and the measure of damages were fixed by facts existing long before the storm came which destroyed it, and the appellee would have been entitled to recover such sum as would have been necessary to put the house in as good condition as it was before the overflow, with reasonable compensation for any interruption in its use while in course of repair, or to the difference between the value of the house before and after it was injured, with compensation for any deprivation of its use necessarily suffered while it was being repaired.

This was the extent of the right of the appellee to recover for any injury to the house which may have been caused by the negligence of the appellant. The injury from the storm was neither the ordinary nor necessary result of the negligence of the appellant complained of.

The evidence objected to should have been excluded. (1 Southerland on Damages, 56.)

The other assignments of error relate to matters which will not probably occur on another trial, and need not be considered.

For the errors noticed, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 15, 1887.