## J. W. HOGSETT v. NORTHERN TEXAS TRACTION COMPANY ET AL.

### Decided April 3, 1909.

**1.—Jury—Peremptory Challenges—Case Followed.**

Where, besides their common ground of defense against the plaintiff, there is a controversy between the defendants themselves, each defendant is entitled to six peremptory challenges in the selection of a jury. First National Bank of Cuero v. San Antonio & Aransas Pass. Ry. Co., 97 Texas, 201, followed.

**2.—Practice—Objection to Evidence—Waiver.**

When an objection to testimony is waived after the objection has been sustained by the trial court, the objecting party cannot complain of its admission in evidence. See proceeding held to amount to a waiver of objections.

**3.—Same.**

When testimony is admitted without objection at the term, appellant cannot afterwards complain.

Appeal from the District Court of Tarrant County. Tried below before Hon. W. T. Simmons.

*Orrick & Terrell,* for appellant.

*Capps, Cantey, Hanger & Short,* for appellee.

CONNER, CHIEF JUSTICE.—On the 20th inst. we dismissed the appeal herein for want of a final judgment, but the record has since been so corrected as to avoid the objection stated and we therefore set aside the order of dismissal and proceed to a disposition of the case upon the assignments of error presented.

The action was instituted by appellant against the appellee, the Northern Texas Traction Company, because of an alleged false accusation of theft from the person of D. G. Chapman, one of the traction company's conductors, while appellant was a passenger on a street car in the city of Fort Worth, and upon which charge he suffered arrest, humiliation, etc. It was alleged that the acts of the conductor were done during the discharge of his duties and had been ratified by the street railway company. The defendant replied by a general denial, and a plea over against Chapman, the conductor, on the ground in substance that such act, if tortious, was of such character as rendered him liable over to the company for such sum as might be rendered against it. Chapman answered by general denial, and a special plea of the truth of the charge because of which appellant sued.

In the first assignment appellant insists that "The defendant herein and the cross-defendant herein together should have been allowed only six peremptory challenges." Aside from the fact that the record indicates a want of timely objection to the action now complained of, we think the assignment completely answered by the case of National Bank v. S. A. & A. P. Ry. Co., 97 Texas, 201. Here, as in the case referred to, there was a controversy between the defendants, notwithstanding their common ground of defense against the plaintiff. They therefore were entitled to six peremptory challenges each.

Sterling P. Clark was permitted to testify to the good character of appellee Chapman, which is now objected to in the second assignment of error as "irrelevant and immaterial and as an attempt to corroborate a witness whose credibility had not been attacked and who had in no way been impeached." As an explanation to the bill the court adopts the stenographer's report of the proceeding, from which it clearly appears that appellant's objection to this testimony was sustained. But upon the suggestion of counsel for appellant that "I want to see the case develop" and an appeal by the witness that he was compelled to leave the city, the court permitted the witness to answer, indicating that if the testimony did not become material it could be eliminated. After which we find no further objection or exception whatever and upon this ground we overrule the assignment. (Burton v. Anderson, 1 Texas, 93; Norvell v. Phillips, 46 Texas, 162; Sheldon v. Benavides, 60 Texas, 673.)

The third and last assignment undisposed of complains of appellant's answer upon cross-examination as a witness to the effect "that he had taken a prominent part in politics before the Terrell election law went into effect, but had not done so since." We have carefully considered the stenographic report of the cross-examination pertaining to the complaint, and fail to find that objection was made to the particular testimony made the ground of the assignment, and the assignment must therefore be overruled.

The case upon the merits seems to be one of conflicting evidence, and having found no reversible error as assigned, we affirm the judgment.

*Affirmed.*