### TOWN OF GILMER v. PICKETT.
### (No. 2321.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 3, 1921.)

1. **Easements ⬥42—Grantor held not estopped to claim damages for a nuisance.**

The grantor to a town of an easement for the construction of a septic tank is not estopped, by his refusal to permit the town to bury the contents of the tank when it was cleaned on the premises, to claim damages for the nuisance created by leaving the contents on the surface of the ground, since the grant gave no right to use the premises to bury the contents.

2. **Nuisance ⬥55—Finding held not to show means objected to were only practicable means.**

In an action for a nuisance resulting from leaving the contents of a septic tank on the ground, a finding by the jury that the disposition of the contents by burial on the premises, to which plaintiff had objected, was the proper method of disposing of the contents, does not establish that it was the only practicable method, where the evidence justified a conclusion that the contents could have been hauled away from the premises.

3. **Nuisance ⬥43—Contributory negligence no defense.**

In an action for a nuisance, contributory negligence by plaintiff in objecting to the burial of the offensive matter on his premises is no defense.

4. **Appeal and error ⬥238(1)—Motion attacking findings essential to assignment attacking judgment on findings.**

Assignments of error complaining of the entry of judgment for the damages assessed by the jury cannot be sustained, where there was no motion to set aside the findings, since, unless they are set aside, the court is bound to enter judgment in accordance with them.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Action by John Pickett against the Town of Gilmer. Judgment for the plaintiff, and defendant appeals. Affirmed.

T. H. Briggs, and Stephens & Sanders, all of Gilmer, for appellant.

J. H. Beavers, of Winnsboro, for appellee.

HODGES, J. In 1914 the appellee, Pickett, in consideration of $750 paid, granted the town of Gilmer an easement on his premises for the construction of a septic tank and a pipe line for sewerage purposes. The contract provided that the tank should be properly constructed and maintained, and reserved to the grantee the right to claim compensation for all damages resulting from a failure of the town of Gilmer to so construct and maintain the sewer. This suit was filed by Pickett for the recovery of $3,300, which, he alleges, is the value of injuries resulting from the negligence of the appellant in the construction and maintenance of the sewer. Among other things, he alleged that in August, 1916, the tank was opened and the solid contents thereof thrown out on the surface of the ground and allowed to remain there for many months; that the offensive odors arising therefrom invaded his private residence, causing discomfort to his family, and reduced the rental value of tenant houses near the tank. He also alleged that the land on which the tank had been located was used for a pasture for milk cattle, and that by reason of the contents of the tank being thrown on the outside it rendered the pasture unfit for use and caused him to lose the benefit of the pasture for several months. He alleged the damage resulting from the loss of his pasture amounted to $240. The defendant, among other things, specially pleaded that Pickett was estopped to claim damages resulting from the offensive matter remaining on the surface of the ground, because he refused to permit the defendant's employees to bury it beneath the surface. It also alleged that he was guilty of contributory negligence in interposing such a refusal.

The evidence shows that at the time alleged in the petition the tank had become practically full of solid matter, and it became necessary to clean it. The employees of the town of Gilmer undertook to dispose of the matter by burying it in the ground in the vicinity of the tank. Upon being apprised of that fact, Pickett objected. The contents of the tank were then put in boxes, and a part of it on the ground, with the un-

derstanding that it was to be later removed from the premises. It was not removed, however, and remained there until washed away by heavy rains which followed in the winter and spring.

The jury found, in response to special issues submitted by the court, substantially the following facts: (1) That the tank was properly constructed and maintained by the town of Gilmer; (2) that the contents when taken from the tank and placed in boxes gave off offensive odors; (3) that the plaintiff's injuries resulting from such offensive odors amounted to $100; (4) that allowing the contents of the tank to remain upon the surface of the ground in the pasture rendered it unfit for pasturage purposes; (5) that the plaintiff's damages resulting from the loss of his pasture amounted to $300; (6) that burying the offensive matter in the ground was the proper way to have disposed of it; and (7) that if it had been so disposed of no injury would have resulted. In addition to the above, the court found that during the time the tank was being cleaned out the employees of the town of Gilmer would have buried the matter in the ground, but were prevented from doing so by the appellee, Pickett. On account of the item of $300 being in excess of the sum alleged in the appellee's petition as the damage sustained for the loss of his pasture, the court required him to remit $60, thus reducing that item to $240. Judgment was entered against the appellant for $340.

[1] The principal ground urged for the reversal of this judgment is that, under the evidence and the facts as found by the court and the jury, the appellee is estopped from claiming any damages resulting from the offensive matter remaining upon the surface of the ground. It is insisted that upon the findings made the court should have rendered a judgment in favor of the appellant. It cannot be said that the appellee is estopped by his contract, because the easement granted by him to the town of Gilmer did not include the use of his premises as a burial ground for the contents of the tank. He therefore had a legal right to forbid such use. It cannot be said that he is estopped on account of his conduct, for he never verbally or otherwise agreed that the appellant might make such disposition of the contents of the tank. In refusing to permit the matter to be buried upon his premises he did not relieve the appellant from duty of abating the nuisance by removing the offensive matter. While this may have been a more expensive method, it was nevertheless a practicable one. The evidence justifies the conclusion that such a disposition had been made when the tank was cleaned on former occasions.

[2] The finding of the jury that burial was the proper method of disposing of the matter merely means that in the opinion of the jury that was a proper method, and that had it been adopted no evil consequences would have resulted. That finding does not necessarily carry the inference that burial was the only practicable method, or that it was incumbent upon the appellee to permit that disposition of the matter.

[3] The contention that the appellee was himself guilty of contributory negligence in refusing that permission, or in not himself abating the nuisance by burying the contents, is not sustained by the record. Under the rule generally recognized, contributory negligence is not available as a defense by one who has created a nuisance. G. C. & S. F. Ry. Co. v. Reed, 22 S. W. 283; Ry. Co. v. Ware, 67 Tex. 635, 4 S. W. 13; Bowman v. Humphrey, 132 Iowa, 234, 109 N. W. 714, 6 L. R. A. (N. S.) 1111, 11 Ann Cas. 131; 20 R. C. L. p. 494; 29 Cyc. p. 1274.

[4] The assignments complaining of the action of the court in entering judgment for the damages assessed by the jury cannot be sustained. Unless the findings of the jury are for some reason set aside, the court is bound to enter judgment in accordance with them. No motion to that effect was made.

In this case the record shows a nuisance created by the appellant from which the appellee sustained injuries, and the jury fixed the amount of his damages. After the revision conforming the damages recovered to the pleadings, the court properly entered the judgment in favor of the appellee, and it is affirmed.

---

⬡⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes