as parties plaintiff in the further prosecution of the case at bar.

Article 1389 is merely cumulative of article 1388. It but provides that, as an aid to the trustees in performing their duties as prescribed in article 1388, the corporation itself, for limited purposes only, may continue for three years, and even longer, under a receivership, if the court thinks it necessary. But, even if such continuance of the corporation itself for limited purposes is not had at the option of the trustees, they still have the right, and are charged wth the duty, of defending and maintaining suits in the protection of the assets of the corporation.

For the reasons indicated, we recommend that the question certified be answered in the affirmative.

CURETON, C. J. The opinion of the Commission of Appeals answering certified question is adopted, and ordered certified.

---

## ST. LOUIS, S. F. & T. RY. CO. v. RUTLAND.
### (No. 815–4480.)

(Commission of Appeals of Texas, Section A. March 16, 1927.)

**1. Jury ⬅️136(3)—Defendants sued jointly, against whom separate verdicts might be returned, held entitled to six peremptory challenges each (Rev. St. 1925, art. 2148).**

In action in district court for death by wrongful act against two railroads, each of defendants *held* entitled to six peremptory challenges under Rev. St. 1925, art. 2148, where findings that one defendant was guilty of negligence as to certain acts, charged against it only, and findings against plaintiff on all other issues of negligence, would discharge the other defendant from liability as a matter of law.

**2. Appeal and error ⬅️854(2)—Judgment correctly reversing and remanding will be affirmed, though placed on wrong ground.**

Supreme Court will affirm judgment of Court of Civil Appeals reversing judgment and remanding cause, where record requires reversal and remand, although the Court of Civil Appeals based its judgment on an erroneous ruling.

**3. New trial ⬅️47—Refusal, on motion for new trial, to hear evidence of foreman's statements made after jury retired, held error; "communication to jury;" "other testimony received by jury" (Rev. St. 1925, art. 2234).**

Refusal of trial court on motion for new trial to hear evidence that, after jury retired, foreman stated to other jurors that he personally knew defendant's witness and that he would vouch for anything defendant's witness said, *held* reversible error, such statements constituting a "communication to the jury" and "other testimony" received by jury within Rev. St. 1911, art. 2021 (Rev. St. 1925, art. 2234),

providing that where motion for new trial is made because of any communication made to the jury, or because jury received other testimony, court shall hear evidence thereof.

**4. New trial ⬅️47—Jury must not receive testimony concerning witness' honesty after retiring.**

It is highly improper for the jury after retiring to receive or consider additional testimony as to witness' honesty.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Rosalie Rutland, administratrix of the estate of Sam J. Rutland, deceased, against the St. Louis, San Francisco & Texas Railway Company and another. Judgment in favor of the named defendant was reversed by the Court of Civil Appeals and the cause remanded (274 S. W. 284), and the named defendant brings error. Judgment of Court of Civil Appeals affirmed.

Freeman, McReynolds & Hay, of Sherman, and Goree, Odell & Allen, of Fort Worth, for plaintiff in error.

Ocie Speer, of Austin, and C. B. Randell, of Sherman, for defendant in error.

### Statement of the Case.

NICKELS, J. Rosalie Rutland, as administratrix of the estate of Sam J. Rutland (her deceased husband), brought suit against plaintiff in error and St. Louis Southwestern Railway Company of Texas for damages "for the death of deceased by wrongful act of the defendants, and each of them," etc.

Paragraph 3 of the original petition reads:

"That on, to wit, the 2d day of October, A. D. 1922, deceased was duly in the employment of the defendant St. Louis Southwestern Railway Company of Texas, in Sherman, Grayson county, Tex., and was working in said employment on a track owned by the St. Louis Southwestern Railway Company of Texas and used by each and both of the defendants, jointly and severally, and was engaged in inspecting and making a slight repair, in accordance with the duties of his employment, of a car or cars standing on said track in Sherman, Grayson county, Tex., and while so engaged, in his proper place, without fault on his part, the defendants, and each of them, by their agents and servants, jointly and severally, caused and permitted a certain cut of cars to be suddenly moved and thrown and propelled along said track and against the car and cars with and about which the deceased was engaged in the performance of his duties, and caused the same to strike and run over him in such manner that with other serious injuries, contusions, and lacerations his head was severed from his body, causing instant death."

In paragraph 4 of that petition six negligent acts and omissions are separately charged against St. Louis Southwestern Railway Company. "And each and all of same," it is said, "proximately caused and contrib-

uted to the injuries and consequent death of deceased, and deceased would not have been injured but for same."

Paragraph 5 is made up of the specific charges against plaintiff in error and reads as follows:

"Plaintiff further avers that at the time and place, aforesaid, deceased was engaged in his work, and the defendant, the St. Louis, San Francisco & Texas Railway Company, and its agents, servants, and employees, knowing the danger to any one who might be working on or about cars on said transfer track and upon said track, negligently switched, shoved, propelled, and kicked certain cars, about two in number, together upon and onto said transfer track with great force and violence, with no person on said cars to control their movements, or without any device coupling automatically of doing so; and, knowing there was no derail or block, or other thing, or condition to check, stop, or control said cars across public streets, to wit, the streets of Jones and Cherry in the city of Sherman, Grayson county, Tex., upon and against the cars at, on, and under which deceased was engaged at his work in the discharge of his said duties, striking,. bruising, lacerating, contusing, and running over deceased, causing his injuries and death, as aforesaid; and deceased would not have been injured and would not have died but for said negligence and said causes."

In paragraph 6 it is alleged:

"Plaintiff alleges that each and every act of each of the defendants, and each of the servants, agents, and employees, of each of the defendants hereinbefore complained of, were, and the same did, constitute, gross negligence and the want of ordinary care; and each and all was, and were, a proximate and direct cause of the said injuries and death of deceased, as aforesaid; and deceased would not have been injured and would not have died but for same."

And in paragraph 7 it is said:

"Plaintiff further shows to the court that both and each of the defendants, and the agents and servants of both and each of them, engaged in the operation and the movement of the cars hereinbefore mentioned, and the government of said track and yards and the business of the defendants and each of them, then and there knew, and must necessarily have known, the position of deceased, and the place where he was working, and realized the danger and hazard to him arising therefrom and from the movement of said cars; and, knowing the same, negligently failed to use ordinary care for his protection, or to warn him of his peril, or rescue him from his danger; all of which was negligence, and was the proximate cause of deceased's said injuries and death."

The prayer is that "plaintiff have judgment against defendants, and each of them, for said $50,000 actual damages," etc.

The defendants (through their respective attorneys filed separate answers. Each answer embraced exceptions and a general denial, pleas of contributory negligence and assumed risk, and averments that St. Louis Southwestern Railway Company and Rutland were engaged in interstate commerce at the time, and liability, if any, was governable by the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665). In its answer St. Louis Southwestern Railway Company of Texas specially denied negligence in respect to each act or omission separately charged against, and alleged facts tending to show that what it did, or failed to do, in each such instance was proper, and generally alleged that—

"This defendant further shows that the work of delivering cars to this defendant and placing same on said transfer track by the St. Louis, San Francisco & Texas Railway Company was done exclusively by the said St. Louis, San Francisco & Texas Railway Company and its employees, and that this defendant was not in any way connected with said St. Louis, San Francisco & Texas Railway Company, or its employees, in the doing of said work, and had no control over the employees of the said St. Louis, San Francisco & Texas Railway Company engaged in placing cars on said transfer track, and had no authority to direct or control the manner of the operation of said cars, and is in no way responsible for the manner in which said work was done, and had no part in the doing of same."

By supplemental petition plaintiff generally and specifically denied averments of the two answers upon which defenses therein were predicated, except in paragraph 4—

"Plaintiff admits as to the defendant St. Louis Southwestern Railway Company of Texas that it is true, as alleged by said defendant in its said first amended original answer, 'that at the time the deceased, Sam J. Rutland, was injured and killed he was employed by this (said) defendant, a common carrier by railroad, engaged in interstate commerce, and that said Sam J. Rutland was engaged in interstate commerce at said time, and therefore this plaintiff's cause of action (as to said defendant) is controlled by a proper construction of the acts of Congress of the United States, governing those thus engaged.'"

Paragraph 5 reads as follows:

"This plaintiff specially denies that the deceased was an employee of the defendant St. Louis, San Francisco & Texas Railway Company, and denies that plaintiff's cause of action is governed and controlled by the acts of the Congress of the United States, commonly known as the 'Employers' Liability Act,' as applied to said defendant; but she shows that said defendant, St. Louis, San Francisco & Texas Railway Company, is liable to plaintiff under the laws of the state of Texas applicable to the facts appearing herein."

Upon the trial, and after all testimony had been introduced, St. Louis Southwestern Railway Company was dismissed from the case upon plaintiff's motion. Thereupon the case, as against plaintiff in error, was submitted to the jury on special issues. Upon the verdict judgment was rendered in favor of plaintiff in error. Mrs. Rutland appealed, and thereupon the judgment was reversed and

the cause remanded by the Honorable Court of Civil Appeals, Sixth District. 274 S. W. 284. Reversal was predicated alone upon error committed by the trial court in allowing each of the defendants to exercise six peremptory challenges in respect to a panel of thirty jurors. Writ of error was allowed upon an assignment maintaining the right of each defendant to six challenges.

## Opinion.

[1] Examination of the averments will make it plain that certain conditions are shown under which a recovery against both defendants, as joint tort-feasors, could have been allowed, and that certain defenses are alleged which, if established, would have inured to the common benefit of the two defendants. To that extent the defendants should be treated as one party, according to the rule in Jones v. Ford, 60 Tex. 127, and Hargrave v. Vaughn & Cummins, 82 Tex. 347, 18 S. W. 695. But that is not the case as it was presented to the district judge when he was called upon to determine the matter of challenges. Plaintiff had set up various negligent acts and omissions against St. Louis Southwestern Railway Company, each of which, it was claimed, was the proximate cause of the injury. At least some of these acts, or omissions, were not charged against the other company—e. g. neglect to install derailers in the transfer track, failure to have a watchman, etc., resulting in default in the obligation to furnish a reasonably safe place to work, etc. If proof to be offered upon the common negligence alleged should fail, yet a recovery against St. Louis Southwestern Railway Company might rest upon one or more of the acts or omissions separately charged against it. So, too, the specific allegations against the other company might be sustained by proof in such a manner as to authorize, if not to compel, verdict against it with exoneration of the St. Louis Southwestern Railway Company. Jury findings of negligence and proximate cause in respect to some one or more acts separately charged against one of the companies and findings against plaintiff upon all other issues would have operated, as a legal consequence, to discharge the other, whether that conclusion were specifically pleaded or not. The interests of the defendants were, in a technical sense, adverse from the beginning, and at the moment when the proof should make a prima facie case of wrongful death, they would become, and thereafter remain, adverse in a very practical sense. This finds illustration in the averments of the St. Louis Southwestern Railway Company that movement of the cars onto the "transfer track" was exclusively the act and duty of the other company and with performance of the act or duty it had nothing to do. "The success" of St. Louis Southwestern Railway Company "against the plaintiff" upon the issue thus made certainly would not "have inured in some degree to the benefit of the other" company within the meaning of Jones v. Ford, supra. In our opinion each of the defendants was entitled to six peremptory challenges, and the action of the trial court was not erroneous. Article 2148, R. S. 1925. For cases more or less in point, see National Bank v. Ry. Co., 97 Tex. 201, 77 S. W. 410; Waggoner v. Dodson, 96 Tex. 6, 68 S. W. 813, 69 S. W. 993; Rogers v. Armstrong (Tex. Civ. App.) 30 S. W. 848; T. & P. Ry. Co. v. Stell (Tex. Civ. App.) 61 S. W. 980; Hogsett v. Northern Texas Traction Co., 55 Tex. Civ. App. 72, 118 S. W. 807; Gussett v. Nueces County (Tex. Com. App.) 235 S. W. 857, 861.

[2] It results that the judgment of the Court of Civil Appeals, remanding the cause, was based upon an erroneous ruling; but, in our opinion, the record exhibits a matter which requires reversal and remand, and which therefore leads to affirmance of the judgment of that court. Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185.

[3, 4] Article 2021, R. S. 1911 (article 2234, R. S. 1925), provides:

"Where the ground of the motion is misconduct of the jury or of the officer in charge of same, or because of any communication made to the jury, or because the jury received other testimony, the court shall hear evidence thereof; and it shall be competent to prove such facts by the jurors or others, by examination in open court; and, if the misconduct proven, or the testimony received, or the communication made, be material, a new trial may, in the discretion of the court, be granted."

In the fifth paragraph of the motion to set aside the verdict defendant in error charged:

"The court should set aside the verdict and all findings of the jury returned herein for this:

"The jury, in considering of their findings in this cause, were guilty of misconduct in this: That while the jury were retired to their room, and while they were considering this cause—the instructions and issues therein—and while they were determining their answers to the various issues herein submitted, and especially to the court's issue or question No. 5 submitting the issue of contributory negligence of deceased, the jury heard, received, and considered improper matters as evidence, bearing or calculated to bear upon this cause and upon the issues being considered by them, in this:

"The foreman of the jury, Mr. J. H. Taylor, in the presence of the jury, stated to them, and especially to the juror T. H. Cox, in substance and effect, that he, the said foreman, personally knew the witness Lane, who testified for the defendants in effect that the blue flag rule was in force, and that he (Lane) had blue flags for the use of the men, and that he, the said foreman, knew that Lane was as honest a man as there was in Sherman, and that he would vouch or stand for anything that Mr. Lane said. That said statements of said outside matter was not in evidence in this case, and was a matter vitally affecting, and calculated to affect, a material issue in this case, to wit: The issue of the contributory negligence of deceased in not putting

out a blue flag to protect himself while at work, the evidence of plaintiff showing, or tending to show, that the blue flag rule was not in force at the time, and that the deceased's employer had no blue flag at the time and place; and the witness Lane having testified in effect that the blue flag rule was in force and that the employing company, the St. Louis Southwestern Railway Company of Texas, did have in its possession at the time and place blue flags for the use of workmen.

"The said statement of said foreman improperly influenced the said jurors, and especially the said juror Cox, in the consideration of the issues of said case, and especially the issue of the contributory negligence of the deceased."

The charges were duly verified and were supported, also, by an affidavit executed by one of the jurors and made a part of the motion. In the affidavit just mentioned it is said:

"I did not believe that the Cotton Belt Railroad had blue flags or a blue flag rule at Sherman, but the foreman of the jury, Mr. Harve Taylor, personally assured me and the jury that he knew the witness Lane, the Cotton Belt foreman, who testified that the blue flag rule was in force, and that he had blue flags for the use of the men; and Mr. Taylor, in substance, said that he knew that Lane was as honest a man as there was in Sherman, and that he would vouch or stand for anything that Mr. Lane said, or, in substance, words to that effect. This influenced me, and I think had quite an influence on the other jurors, and I yielded to the argument that the Cotton Belt, having the blue flag rule in effect in the book, would make a case of contributory negligence without the fault of Rutland."

Contributory negligence as averred consisted of failure to observe the "blue flag rule," etc. Upon that issue the jury found in favor of the plaintiff in error, and upon that finding the railway company's claim to freedom from liability depends. The materiality of the issue is obvious, and that the issue was a subject of debate amongst the jurors is made plain by the affidavit and the motion.

That the statements of Taylor, juror, constituted a "communication" to the jury and "other testimony" received by it, within the meaning of the statute, seems clear to us. Unless the reputation or character of the witness Lane had been attacked by defendant in error, plaintiff in error would not have had the right to support it by testimony given upon the trial; if the witness had been thus attacked, such testimony would have been competent and material. In either event, it would have been highly improper for the jury, after its retirement, to receive or consider additional testimony corroborating Lane. The trial court sustained exceptions addressed to paragraph 5 of the motion, and thus declined to "hear evidence thereof." That action, it seems to us, is prohibited by the statute, and because of the error the judgment ought to have been reversed.

Plaintiff in error attempts to support the judgment, other errors notwithstanding, upon the ground that its request for a peremptory instruction should have been granted. That is to say, contributory negligence, as a matter of law, is shown. We are in agreement with the Honorable Court of Civil Appeals upon its ruling that contributory negligence, or not, was an issuable fact.

Accordingly, we recommend affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.