**KINCAID v. CHICAGO, R. I. & G. RY. CO. et al.**

No. 12345.

Court of Civil Appeals of Texas. Dallas.

May 21, 1938.

Rehearing Denied Sept. 24, 1938.

White & Yarborough, of Dallas, for appellant.

Allen & Gambill, of Fort Worth, and Burford, Ryburn, Hineks & Charlton and R. G. Scurry, all of Dallas, for appellees.

YOUNG, Justice. ·

Plaintiffs, Velma Kincaid and Mrs. Willie Fleming, wife and mother respectively of Horace Kincaid, brought this damage suit in the trial court for the latter's death, which occurred October 5, 1933. Defendants were the Chicago, Rock Island & Gulf Railway Company and Frank O. Lowden, James E. Gorman and Joseph B. Fleming, trustees thereof, termed herein "Rock Island", and the St. Louis, San Francisco & Texas Railway Company, referred to for all purposes as the "Frisco".

Horace Kincaid was killed between midnight and 2:00 o'clock A. M. on said date, when he drove his truck against a large concrete signal block located in the center of the Northwest Highway in Dallas County, such paved road at this point running substantially east and west. The Rock Island intersected the highway almost at a right angle, its line running generally north and south. The highway approach to the crossing from the east (the direction from which Kincaid was traveling), back approximately two miles, was straight, with very slight variation of grade. The normal width of the highway was 20 feet until about 200 or 300 feet from the crossing, when it began to widen and reach a width of 30 feet approximately 100 feet from the railway line, maintaining this 30 foot width until 100 feet beyond the crossing, when it again narrowed down to 20 feet. At least two sets of diagonal strips of asphalt were set in the concrete pavement of the highway, beginning about 100 feet from either side of the crossing and situated on the right-hand side of the pavement as one approached the intersection. A railway crossing sign was located on the right-hand side of the highway about 300 feet east of the crossing, or from the direction the Kincaid truck had been approaching. The signal device or concrete block with which deceased collided consisted of upright posts, set in concrete in the center of the highway, one on each side of the railway, and about 17 feet from the center line thereof. These signal blocks were oval or egg shaped, six feet in length with the highway, and four feet across. The concrete base was approximately two feet high and originally painted with oblong black stripes. The upright posts were about ten feet high and supported two yellow lights, burning oil, one on each side of the posts, about 30 inches apart and some 4½ feet above the pavement. Higher on these upright posts were mechanically operated electric lights, which flashed red on approach of trains. At the top of each post was a bell and cross-arm, with the words "railroad crossing", the posts being painted in black stripes.

On the occasion in question, Kincaid was traveling westward along said highway in a Chevrolet truck, heavily loaded with binder twine, which he was hauling from Houston to Floydada, Texas. The left front and wheel of the truck struck the above described concrete block on the east side of the crossing, Kincaid being

instantly killed from the force of the impact.

The railway line was owned by the Rock Island and its present trustees in bankruptcy, and sometime after the erection of these signal posts was, by its said owners, leased to the defendant Frisco, and was being operated and used by the latter railway company at the time of the collision. The Rock Island had constructed the concrete block at its location on the highway with the consent of the State Highway Department, under an agreement that the latter would reimburse the Rock Island for the cost of construction.

Plaintiffs alleged many grounds of liability as to each defendant, who first filed separate pleas in abatement, urging misjoinder; the plea of the Frisco alleging the device in question, having been erected by the Rock Island, such lessee had no authority or control over it, and was therefore not responsible for the existence or maintenance of the device, and that any claims arising out of the facts and circumstances were solely against the Rock Island. Other allegations touching the relationship of the defendants as to the signal block and of the contributory negligence of deceased Kincaid, were made by defendants in separate answers. In response to 73 special issues, the jury found against the plaintiffs and in favor of both defendants on the majority of the issues as to primary negligence, including the issue of whether the device constituted an obstruction to the highway at the intersection. Two primary issues constituting negligence and proximate cause were found against the Rock Island, to-wit: (1) Its failure to remove the concrete block after knowledge that its presence created a dangerous condition in the highway, and (2) in permitting the concrete block to remain on the Northwest Highway at the place in question, after being warned of the hazard and danger connected therewith; and liability against the defendant Frisco solely upon the first of the two issues just detailed. Deceased Kincaid was found guilty of negligence proximately causing his injuries and death in four particulars: (1) As to the rate of speed at which he was traveling; (2) in failing to keep a lookout for the railroad crossing sign; (3) in failing to keep a lookout for the signal device on the east side of the crossing; and (4) in failing to keep a lookout for the railroad crossing. Damages were assessed in favor of plaintiff Velma Kincaid, for $8000. The motions of defendants for judgment were sustained, those of plaintiffs overruled, and judgment rendered that plaintiffs take nothing, from which the wife of deceased, Velma Kincaid only, has appealed.

The grounds upon which plaintiff (appellant) bases this appeal may be briefly summarized: (1) Error of the trial court in allowing the defendants 12 peremptory challenges to the jury panel, whereas they were only entitled to six; (2) that the defendants had constructed and maintained an obstruction in a public highway which, in law, was a nuisance, and defendants were liable in damages resulting therefrom, irrespective of contributory negligence of Kincaid; (3) alleged error of the trial court in refusing to admit in evidence a letter from the Texas Highway Department to one of the defendants; (4) improper submission of special issues, inflammatory argument on the part of defendants' counsel, and alleged misconduct of the jury in their deliberations.

■ We conclude there was no error in allowing each defendant the usual number of peremptory challenges as separate parties, under Art. 2148, R.S. Under the pleadings of plaintiffs, and testimony, the court's charge contained issues as to the liability of the Rock Island, in the construction and maintenance of the crossing and signal block, followed by issues as to the maintenance thereof by the Frisco. Joint, as well as several, acts of negligence were asserted, and it is manifest from the pleadings of the defendants that each claimed to be in no wise negligent or responsible. In the Frisco's plea in abatement were allegations of misjoinder of parties and causes of action—in that, undisputedly, the alleged obstruction was erected by the Rock Island, with which the Frisco had nothing to do, nor was it accountable for the existence, maintenance or removal of the same, under the agreement, letters, notices, etc. between the Rock Island and the Texas Highway Department concerning the location and continuance of the device. The answer of this defendant contained similar allegations, the effect of same being that the Frisco was in no particular at fault, and that liability for the accident was upon persons or parties other than itself. Ob-

viously, the jury could have answered the issues so as to acquit one of the defendants of negligence, holding the other responsible. We think plaintiffs' propositions as to the above are ruled by the statement from 26 Tex.Jur. (Jury) sec. 101, citing cases, that "Antagonism of interest, however, entitles co-parties to separate sets of challenges. Their hostility sufficiently appears where each defendant claims that the other is alone responsible to the plaintiff * * *". See St. Louis, S. F. & T. Ry. Co. v. Rutland, Tex.Com.App., 292 S.W. 182, quite similar in facts, where separate challenges were upheld. Further, the bill of exceptions fails to show the acceptance of any objectionable jurors, by reason of the court's ruling, which has been held to militate against the sufficiency of any such bill. Gussett v. Nueces County, Tex. Com.App., 235 S.W. 857; Edwards et al. v. West Texas Hospital, Tex.Civ.App., Amarillo, 107 S.W.2d 729.

Plaintiff contends that the pleadings and evidence in this record clearly convict the defendants of having erected and maintained a nuisance by obstructing a public highway, and resulting damages are recoverable, irrespective of the contributory negligence of Horace Kincaid. It will be noted that the device was found to be no obstruction to the highway, and that the issues favorable to plaintiff consisted in the defendants permitting the same to remain after knowledge of the danger and hazard relative to the continued existence of the device in such public traffic-way. The case of Town of Gilmer v. Pickett, Tex.Civ.App., Texarkana, 228 S.W. 347, is cited in support of the above proposition, where the following language is used [page 348]: "The contention that the appellee was himself guilty of contributory negligence in refusing that permission, or in not himself abating the nuisance by burying the contents, is not sustained by the record. Under the rule generally recognized, contributory negligence is not available as a defense by one who has created a nuisance. Gulf, C. & S. F. Ry. Co. v. Reed, Tex.Civ.App., 22 S.W. 283; Galveston, H. & S. A. Railway Co. v. Ware, 67 Tex. 635, 4 S.W. 13; Bowman v. Humphrey, 132 Iowa 234, 109 N.W. 714, 6 L.R.A.,N.S., 1111, 11 Ann.Cas. 131; 20 R.C.L. p. 494; 29 Cyc. p. 1274."

■ This broad statement of law might well apply to the subject matter there under discussion, but the uniform decisions limit its application to cases of absolute nuisance, or those existing without legal justification, 21 Tex.Jur. (Highways) sec. 201, and not to a nuisance, so-called, based on negligence. Considering the signal block in the highway in question as falling in the latter class (which we do not think necessary to this opinion, in view of the pleadings, testimony and jury answers), the distinction between the two classes of nuisances are plainly stated by Justice Cardozo, then of the New York Court of Appeals, in McFarlane v. Niagara Falls, 247 N.Y. 340, 160 N.E. 391, annotated in 57 A.L.R. page 7. He says [page 392]: "Not a little confusion runs through the reports as to the effect of contributory negligence upon liability for nuisance. Statements appropriate enough in their application to nuisances of one class have been thoughtlessly transferred to nuisances of another. There has been forgetfulness at times that the forms of actions have been abolished, and that liability is dependent upon the facts and not upon the name. Confining ourselves now to the necessities of the case before us, we hold that whenever a nuisance has its origin in negligence, one may not avert the consequences of his own contributory negligence by affixing to the negligence of the wrongdoer the label of a nuisance" (citing cases). 46 C.J. (Nuisances) page 665, subd. 29, also states: "Probably the apparent conflict, if any, may be explained by referring to the difference between contributory negligence as such and plaintiff's negligence as the cause of the injury in whole or in part. If the negligence of the injured person was the proximate cause of the injury, there can be no recovery. Defendant may prove, if he can, that plaintiff, by his own negligence, or by his own willful wrong, brought about in whole or in part the injury for which he seeks damages, not because of the application of the doctrine of contributory negligence, but because it is competent for defendant to show that the act or wrong with which he is charged is in fact properly chargeable to plaintiff himself." Galveston, H. & S. A. Ry. Co. v. Ware, 67 Tex. 635, 4 S.W. 13, cited in Town of Gilmer v. Pickett, supra, does not support the statement of law made in that case. Judge Stayton there said [page 14]: "If the house was rendered insecure by the overflow, and this resulted from the negli-

gence of the appellant, it was negligence in the appellee to place furniture and stores in it, and the injury resulting from his own act cannot entitle him to compensation".

However, we conclude the lack of harmony in the decisions as to the availability of the defense of contributory negligence in cases of absolute nuisance are beside the point here, where there was a finding by the jury that the device constituted no obstruction to the highway, the case being plead by plaintiff and liability asserted on grounds of common law and statutory negligence, bearing in mind the installation of the device in the beginning was with the approval of the Texas Highway Department. This assignment is overruled.

Appellant complains of the action of the trial court, in refusing to admit in evidence a letter from the office of the Texas Highway Engineer to the Assistant Engineer of the Rock Island, of date December 20, 1932, calling attention to a provision of the initial contract, whereby the concrete device was installed, that: "The first party (the State Highway Department of Texas) assents to the placing of said flashing-light signals in the center of the highway at the initial instance of the second party (Chicago, Rock Island & Gulf Railway Company) with the understanding that if said center location should, in the opinion of the Texas Highway Commission prove a menace to highway traffic after a reasonable period of use at the location aforesaid, the second party will, upon reasonable notice, move said flashing-light signals to the side of the road at its entire expense".

The letter further set out statements, both of hearsay and personal knowledge, from which it could be implied that the device constituted a menace to the traffic, and requesting its removal to the side of the highway. Parts of the letter were admitted as against the Rock Island only, but plaintiff urges that it was competent as a whole, and admissible. We think no error was committed by the trial court in its ruling here under Texas Co. v. Andrade et al., Tex.Civ.App., 52 S.W.2d 1063, and Missouri, K. & T. v. Washburn, Tex.Civ.App., 184 S.W. 580, writ refused, where the rule is stated [page 582]: "But it is equally well settled that where evidence is offered as a whole, only a part of which is admissible, the court does not commit error in sustaining an objection to such testimony. In such case it is not the duty of the court nor of the party objecting to the same to separate the admissible from the inadmissible."

Such letter, obviously, contained extraneous matters, as well as facts stated on information, and a conclusion that the device was considered a menace by the Highway Department, when that Body had made no finding to such effect. Aside from this, the jury found the signal block created a danger and hazard, that the Rock Island had notice of same, and after such notice had failed to remove it from the center of the highway; also that the device created a dangerous condition at the place, with knowledge thereof by said railroad, and a negligent failure to remove it thereafter. A similar issue was found against the Frisco as to the facts last stated. We think that, under this particular situation, any error in refusing to admit the entire contents of the letter was harmless, as appellee Rock Island points out.

Issues numbered 47-65 in the court's charge relate to the movements and conduct of the deceased, as he drove the truck prior to and at the time of his fatal injuries. Complaint is also made that certain issues are duplicitous, evidentiary and otherwise improper. We conclude the form and substance of the issues referred to are not subject, in any material respect, to the objections urged, and all assignments thereto are overruled. Likewise, we do not consider the statement of the counsel for one of the defendants, to the jury, to the effect that the Frisco had no more right to remove the post than the jury did, as improper argument. Such defendant plead, and the contract of installation, with the Highway Department, disclosed that the construction of the signal block devolved upon the Rock Island, as well as the responsibility for its removal. The Frisco was not a party to the contract, nor to the erection of the block, and steadfastly maintained during the trial that it had no right to remove same from the highway. There was testimony before the jury that the Frisco removed the device after the accident, through instructions, however, and at the expense of the Rock Island. The jury found under separate issues, that both defendants had knowledge of the dangerous condition creat-

ed by the signal block, but negligently refused to remove the same after such notice. We say, in defense of Mr. Ryburn, of counsel for defendant Frisco, in view of the evidence in the record on this point and the direct issues thereto, above mentioned, that his statement as set forth in the bill of exceptions, should not be characterized as unsworn testimony. We think it reasonable that the jury understood such remark to be in the light of the record before them. As was held in Traders & General Ins. Co. v. Peterson, Tex.Civ.App., 87 S.W.2d 322, 325, in discussing a similar bill of exceptions, "This language is but counsel's conclusion drawn from the facts in evidence before the jury. It does not appear to be an unwarranted conclusion". And in Dallas Ry. & Term. Co. v. Bankston, Tex.Civ.App., Dallas, 33 S.W. 2d 500, Judge Looney said [page 504]: "It is only where counsel wanders entirely from the record that the rule is violated, but when fairly based on evidence, it can never be correctly said that, in law, the argument is prejudicial."

██ Appellant's assignments and propositions as to jury misconduct are to the effect that, at least two of the jurors were led to assent to the answers touching the contributory negligence of deceased by statements, made in the jury-room during deliberations, that such answers as made would not affect the verdict nor preclude the plaintiff from recovering the damages awarded. These are serious charges and, if substantiated, would of course impair the integrity of a jury verdict rendered as a result thereof. Upon careful reading of the testimony had upon this element of plaintiff's motion for a new trial, we conclude there was a disputed question of fact as to whether such misconduct actually occurred. For example, the juror McDonald, who testified most strongly that representations of the character set forth in the propositions of plaintiff were made to him—yet this juror's evidence can also be interpreted to mean that he answered the issues, as he did, to prevent a hung-jury and for other reasons adverse to those involving misconduct. Juror McHale was positive that no argument or statements were made during the deliberations, that it was immaterial to plaintiff's recovery, as to how the issues involving contributory negligence were answered. In this situation, we have no alternative, but to apply the rule followed by our Supreme Court in

many cases and stated by our late Chief Justice Jones, in Conner v. Floyd, Tex. Civ.App., 95 S.W.2d 183, writ dismissed, that [page 185]: "It was a disputed issue of fact, therefore, for the trial court to determine, and the trial court having determined such disputed fact against appellant, this court has no power to intervene and substitute a finding contrary to that of the trial court."

Therefore, upon full consideration of all assignments and propositions of plaintiff, it is our conclusion that each should be overruled and this cause be affirmed.

Affirmed.